STATE of Tennessee, Appellee,

v.

Dewey Scott FRAZIER, Appellant.

Supreme Court of Tennessee, at Knoxville.

Feb. 12, 1990.

Charles W. Burson, Atty. Gen. and Reporter and James W. Milam, Asst. Atty. Gen., Nashville, for appellee.

Dewey Scott Frazier, Nashville, pro se.

ORDER AND OPINION

PER CURIAM.

*State v. Prince and McDowell,* released 4 December 1989 at Jackson, 781 S.W.2d 846 (Tenn.) requires that we grant defendant's Rule 11 application and remand to the trial court. However, it is appropriate that we address an issue that the remand makes relevant and that has been properly pretermitted. The court's examination of the record reveals that defendant, having filed four prior post-conviction petitions, filed nine separate post-conviction petitions on 22 April 1988, alleging that each resulted from guilty plea proceedings wherein he was not advised of the constitutional right against self-incrimination and violations of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *State v. Mackey,* 553 S.W.2d 337 (Tenn.1977) and that the nine convictions were used to enhance a bank robbery conviction to a life sentence as a Habitual Criminal on 3 December 1976. Defendant sought appointment of counsel, amendment of his petition, a hearing on the merits, and appropriate relief. The trial court dismissed the petitions without appointment of counsel or an evidentiary hearing, finding waiver and the self-incrimination issue previously determined.

The Court of Criminal Appeals affirmed on the ground of waiver, but reversed on the previously determined issue.

■■ We observe that five of the convictions on guilty pleas that defendant seeks to void pre-date the release of *Boykin v. Alabama, supra,* on 2 June 1969. We hold that convictions entered in the trial courts prior to the release of *Boykin* are not subject to post-conviction attack. *See Dominguez v. Henderson,* 447 F.2d 207 (5th Cir.1971). Also, we repeat, *Mackey* violations that exceed *Boykin* requirements are not constitutional violations and are not available except on direct appeal. *See State v. Prince & McDowell,* released 4 December 1989, at Jackson, 781 S.W.2d 846.

■ Defendant's Rule 11 application is granted, the actions of the lower courts reversed, and defendant's petitions involving convictions post-dating *Boykin* are reinstated. The issue of waiver for failure to raise *Boykin* violations is not available to the State, as mandated in *State v. Prince & McDowell, supra.* Such *Boykin* violations as are found are subject to substantial compliance and harmless error scrutiny. *See State v. Newsome,* 778 S.W.2d 34 (Tenn.1989).

Remanded to the trial court for proceedings consistent with *State v. Prince & McDowell, supra,* and this Order.