**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

MARCH 1997 SESSION

FILED

**June 09, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **FREDDIE LEE MANS,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 02C01-9605-CR-00147 |
| | ) | |
| vs. | ) | Shelby County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon.  W.  Fred Axley, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |


FOR THE APPELLANT:                    FOR THE APPELLEE:

FREDDIE LEE MANS                      JOHN KNOX WALKUP
Pro Se                               Attorney General & Reporter
F.C.I. Memphis
P.O. Box 34550 (Tennessee)
Memphis, TN  38184-0550               SARAH M. BRANCH
                                     Assistant Attorney General
                                     Criminal Justice Division
                                     450 James Robertson Parkway
                                     Nashville, TN 37243-0493

                                     JOHN W. PIEROTTI
                                     District Attorney General

                                     C. ALANDA HORNE
                                     Asst. District Attorney General
                                     Third Floor
                                     Criminal Justice Complex
                                     201 Poplar
                                     Memphis, TN  38103


OPINION FILED: _____


**AFFIRMED AS MODIFIED**


CURWOOD WITT
JUDGE

**OPINION**

The petitioner, Freddie Lee Mans, appeals the Shelby County Criminal Court's summary dismissal of his post-conviction petition. The appellant is currently incarcerated for a conviction received in federal court, and he contends his federal sentence was enhanced in part based upon unconstitutional prior convictions in the state courts of Tennessee. His post-conviction petition challenges those prior Tennessee convictions. Upon review of the record, we affirm the judgment of the court below, although we do so on different grounds.

The petitioner is presently serving a 240-month sentence in the Federal Correctional Institution in Memphis for a narcotics conviction he received in the Federal District Court for the Western District of Tennessee. He has a lengthy history in the State of Tennessee's criminal justice system. It is relevant for purposes of this appeal that his federal presentence report reflects 15 prior convictions in the courts of the State of Tennessee. The length of the petitioner's federal sentence was enhanced, in part, due to the prior Tennessee convictions.[1] In his post-conviction petition filed on March 5, 1996 in the Criminal Court of Shelby County, he attacks the constitutionality of the enhancing Tennessee convictions, alleging he was not advised prior to his guilty pleas (which apparently formed the predicate for his Tennessee convictions) of his right against self-incrimination and that these convictions might be used to enhance his sentence for any subsequent conviction.[2] The court below found without a hearing that the petitioner's claim was

---

[1]According to the federal presentence report in the record, not all of the petitioner's Tennessee convictions were assigned "points" under the federal sentencing guidelines.

[2]Only a violation of the United States or Tennessee constitutions is a proper basis for post-conviction relief. Housler v. State, 749 S.W.2d 758, 761 (Tenn. Crim. App. 1988). In Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969), the Supreme Court held that the Constitution requires that defendants be advised prior to the acceptance of guilty pleas of their constitutional rights, including the right not to give self-incriminating statements. Tennessee has expanded on the Boykin litany to be given to defendants in this state. See State v. McClintock, 732 S.W.2d 268 (Tenn. 1984); Mackey v. State, 553 S.W.2d 337 (Tenn. 1977). In McClintock, the

barred by the statute of limitations.[3] The petitioner is before us in his appeal of that decision.

The petitioner's post-conviction petition challenges fifteen convictions received between May 31, 1977 and December 8, 1989. Ostensibly, the 1995 Post-Conviction Procedure Act is applicable to all claims filed after May 10, 1995. See generally Tenn. Code Ann. §§ 40-30-201 through -222 (Supp. 1996). That legislation provides that an individual must file for post-conviction relief "within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a) (Supp. 1996). The Act also provides, "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Tenn. Code Ann. § 40-30-201, Compiler's Notes (Supp. 1996).

Prior to the enactment of the 1995 Post-Conviction Procedure Act, post-conviction petitions had to be filed within (a) three years of the date of the final

---

supreme court said a defendant has the right to be informed of the enhancement possibilities of his or her plea to a Tennessee offense. The absence of the additional McClintock admonishment, however, does not affect the constitutionality of the plea under Boykin. Blankenship v. State, 858 S.W.2d 897, 905 (Tenn. 1993). Therefore, the only potentially viable issue in this post-conviction proceeding is the alleged absence of the admonishment the appellant was privileged not to give incriminatory statements against himself.

[3]The post-conviction court was unable to determine which convictions were challenged, and it relied upon two convictions the appellant received on October 1, 1992 in dismissing the appellant's claim as time-barred. The petitioner listed 15 convictions in his petition relating to offenses occurring in or before 1989. According to the federal presentence report, the dates of the convictions for those offenses are May 31, 1977, October 21, 1977, January 24, 1978, August 4, 1982, December 28, 1984, March 2, 1985, November 18, 1985 and December 8, 1989. (Multiple convictions were rendered on many of these dates). We interpret the petition to challenge the fifteen prior convictions, not the two subsequent convictions. In his reply brief, the appellant ambiguously invites this court to consider the two subsequent convictions, as well.

action of the highest state appellate court to which an appeal was taken, or (b) three years from July 1, 1986, the effective date of the statute. Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995); State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988). An exception applied, however, to preserve the right of a post-conviction petitioner to mount an otherwise untimely challenge where strict application of the statute of limitations would deprive the petitioner of due process of law. Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

The petitioner makes several alternative arguments why he should not be barred by the three year statute of limitations and why his claim is within the one year statute of limitations.

First, he contends his petition should not have been dismissed as untimely because some of the Tennessee offenses were committed prior to the enactment of the three year statute of limitations, and application of that statute of limitations is an ex post facto infringement of his constitutional rights. We disagree. This court has addressed this issue on several occasions and found no ex post facto violation in limiting the period of time within which a post-conviction challenge may be made even though the conviction predates the enactment of the statute of limitations. See, e.g., State v. Richard S. Butler, No. 1338 (Tenn. Crim. App., Knoxville, May 19, 1992); Bobby Silas Robinson v. State, No. 87-69-III (Tenn. Crim. App., Nashville, Jan. 6, 1988).

Alternatively, the petitioner argues Burford provides an exception to the three year statute of limitations which allows him to institute a proceeding to attack his Tennessee convictions, notwithstanding the three year limitation. Again, we disagree. Burford was a unique case in which the petitioner was caught in a procedural trap in which he first had to successfully challenge convictions in a post-

**4**

conviction proceeding in one county in order to have a justiciable claim for relief in post-conviction proceedings in another county. Burford, 845 S.W.2d at 208. He was caught in a quandary because the approach of the statute of limitations applicable to the latter claim was looming prior to a determination of the former claim. Burford, 845 S.W.2d at 208. The supreme court found the application of the statute of limitations to the latter claim violative of due process in that limited circumstance and allowed the Burford petitioner to maintain his claim notwithstanding the statute of limitations. See Burford, 845 S.W.2d at 209-10. Burford did not, however, give post-conviction petitioners the right to wage collateral attack on stale convictions themselves outside the statute of limitations. To be sure, the petitioner in Burford filed his attack on his enhancing convictions within the time then allowed under the Act. See generally Burford, 845 S.W.2d 204. Unlike Burford, the petitioner herein seeks to challenge not his enhanced federal sentence, over which this court has no jurisdiction, but his enhancing Tennessee convictions. In this situation, the Burford exception is inapplicable.

In the next alternative, the petitioner argues his claims should not be barred by the three year statute of limitations which otherwise barred his claims on July 3, 1989[4] as to all of his convictions received on or before July 1, 1986, and three years from the date of conviction on all convictions received after July 1, 1986 through May 9, 1995,[5] because the federal facility in which he is incarcerated does not have Tennessee Code Annotated available for use by prisoners.[6] Although it

---

[4]As previously noted by this court, July 1, 1989 was a Saturday; therefore, post-conviction claims existing prior to the July 1, 1986 effective date of the three-year statute of limitations were barred if not filed the following Monday, July 3, 1989. Stephen L. Carey v. State, No. 03C01-9309-CR-00330 (Tenn. Crim. App., Knoxville, Nov. 8, 1994), perm. app. denied (Tenn. 1995).

[5]As noted above, the one-year statute of limitations for post-conviction claims took effect on May 10, 1995.

[6]The appellant mistakenly seeks to avail himself of the benefit of Code section 40-3-206(g)(2), which provides that a claim is not waived if the failure to

5

is not entirely clear, it appears from the record that the appellant has been in federal custody since July 28, 1990. The record does not reflect whether all of this detention and incarceration has been at the Federal Correctional Institute in Memphis, where the appellant alleges he does not have access to Tennessee law materials. We are not persuaded by the petitioner's argument. These facts do not fit within any of the exceptions for untimely filing under Code section 40-30-202(b).

We note parenthetically that the petitioner makes no allegation with respect to his access to legal materials from the dates of his guilty pleas for the prior Tennessee offenses, until July 28, 1990, the date he came into federal custody. See Sands v. State, 903 S.W.2d 297 (Tenn. 1995) (petitioner who did not have access to law library while incarcerated in Florida failed to show he did not have an opportunity to present his claim where it was not based on "later arising ground"); Paul R. Spence v. State, No. 968 (Tenn. Crim. App., Knoxville, Nov. 3, 1991), perm. app. denied (Tenn. 1992) (petitioner incarcerated in another state who did not have access to Tennessee legal materials not entitled to file untimely post-conviction petition). Moreover, he makes no explanation of his failure for periods of up to 18 years to pursue post-conviction relief. Cf. Thomas L. Mills v. State, No. 03C01-9505-CR-00137 (Tenn. Crim. App., Knoxville, Jan. 31, 1996) (petitioner who claimed ignorance of post-conviction statute of limitations not entitled to file untimely claim). Accordingly, we fail to find merit in this argument.

The petitioner also urges the court that his claims are not barred

---

present it was the result of state action in violation of the state or federal constitution. This provision is applicable to a claim that otherwise has been waived by failure to present it in earlier proceedings, i.e. on direct appeal or in a prior post-conviction proceeding, not a claim which his barred by the statute of limitations. See Tenn. Code Ann. § 40-30-206(g) (Supp. 1996).

because State v. Newsome, 778 S.W.2d 34 (Tenn. 1989) and State v. Frazier, 784 S.W.2d 927 (Tenn. 1990) clarified relevant existing law, and his statute of limitations should be computed from the dates of release of those opinions. This argument is without merit. These cases announced no new constitutional rights which required retrospective application. Moreover, the petition was filed six and five years, respectively, after these decisions. Even under the old act, this filing was outside the statute of limitations.

The petitioner's next argument is that the statute of limitations cannot apply to him because he is a federal prisoner. This contention is without merit. Passarella v. State, 891 S.W.2d 619, 622-23 (Tenn. Crim. App. 1994); accord Phillip Woody v. State, No. 03C01-92-11-CR-00396 (Tenn. Crim. App., Knoxville, July 29, 1993) (statute of limitations barred federal prisoner's challenge to Tennessee convictions used to enhance federal sentence).

The petitioner next posits that even if his claim is barred by the former three year statute of limitations, the 1995 Post-Conviction Procedure Act revives his right to file a post-conviction petition within one year of that statute's effective date. In Arnold Carter v. State, No. 03C01-9509-CC-00270 (Tenn. Crim. App., Knoxville, July 11, 1996), perm. app. granted (Tenn. Dec. 12, 1996), this court held that the new Act provided such a window in which any petitioner could seek post-conviction relief even if that petition had previously been barred by the statute of limitations. Judge David Welles filed a strong dissenting opinion. The reasoning of that dissent has formed the basis for every decision since written. See, e.g., Johnny Tillman v. State, No. 03C01-9512-CR-00413 (Tenn. Crim. App., Knoxville, Feb. 12, 1997), petition for perm. app. filed (Tenn. Feb. 18, 1997); Doyle Carter v. State, No. 01C01-9511-CC-00398 (Tenn. Crim. App., Nashville, Feb. 12, 1997). The new Act was not meant to revive previously barred claims.

7

Additionally, the petitioner argues that his claim was not restricted by a statute of limitations prior to the enactment of the 1995 Act because former Code section 40-30-102 applied only to claims where an appeal was taken to the highest state appellate court, not where the conviction followed a guilty plea. This contention is wholly without merit. This court has routinely found the statute of limitations on a post-conviction claim arising from a proceeding in which a guilty plea was entered to commence on the date the judgment of conviction was entered. See, e.g., Sharon Ann Conner v. State, No. 03C01-9509-CC-00279 (Tenn. Crim. App., Knoxville, June 3, 1996); Vernon Wayne Mauldin v. State, No. 03C01-9411-CR-00408 (Tenn. Crim. App., Knoxville, May 25, 1995); perm. app. denied (Tenn. 1995).

The appellant has not asserted any grounds for allowing untimely consideration of his petition under Tennessee Code Annotated section 40-30-202(b). Thus, the three year statute of limitations applicable to the petitioner's claims under the old Act expired on December 8, 1992 and July 3, 1989. His claims are now barred.

Finally, in his reply brief, the petitioner has equivocally raised the constitutionality of his two Tennessee convictions received after his federal sentencing.[7] Obviously, these convictions were not used to enhance his sentence. These convictions were not among the 15 listed in the post-conviction petition;

---

[7]The relevant portion of the petitioner's reply brief reads

It must be noted that appellant's October 1, 1992 convictions were not used by the federal government to enhance or increase his punishment on the federal offense. However, since these conviction [sic] may be used upon resentencing after the challenged convictions are expunged there [sic] constitutionality should also be consider [sic] under the present claims that are not contested herein.

(emphasis in original).

however, the court below used them as the basis for dismissing the petition as outside the statute of limitations. The petitioner candidly admits these convictions were not challenged in the petition.

Code section 40-30-206(b) commands that the trial court shall enter an order summarily dismissing the petition without the appointment of counsel or a hearing "if it plainly appears from the face of the petition and any annexed exhibits or the prior proceedings in the case" that the petition was not filed within the statute of limitations. In this case, it "plainly appears" that the 1992 state convictions were not challenged in the petition or the contemporaneously filed memorandum of law. The lower court's inclusion of the 1992 state convictions was misplaced. There was no basis for enunciating as to these 1992 state convictions. We agree, however, with the result ultimately reached by the trial court, although the proper ground for the trial court's determination is the untimeliness of the petition in challenging the 1977 through 1989 convictions. The judgment of the trial court must be modified to delete findings and pronouncements relative to the 1992 state court convictions.

The judgment of the trial court is affirmed, as modified.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOSEPH B. JONES, PRESIDING JUDGE

(NOT PARTICIPATING)_____
GARY R. WADE, JUDGE