**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

MARCH 1997 SESSION

FILED

**June 10, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **WILLIAM LYNN JOHNSON,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 02C01-9605-CR-00136 |
| | ) | |
| vs. | ) | Shelby County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. Carolyn Wade Blackett, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

FOR THE APPELLANT:

WILLIAM LYNN JOHNSON
Pro Se
F.C.I. Memphis
P.O. Box 34550 (Beale Unit)
Memphis, TN  38184-0550

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELLEN H. POLLACK
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

JOHN W. PIEROTTI
District Attorney General

PAUL GOODMAN
Asst. District Attomey General
Third Floor
Criminal Justice Complex
201 Poplar
Memphis, TN  38103

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The petitioner, William Lynn Johnson,[1] appeals the Shelby County Criminal Court's summary dismissal of his post-conviction petition. The petitioner is currently incarcerated for convictions received in federal court, and he contends his federal sentence was enhanced in part based upon unconstitutional prior convictions in the state courts of Tennessee. His post-conviction petition challenges those prior Tennessee convictions. Upon review of the record, we affirm the judgment of the court below.

The petitioner is presently serving a sentence of undisclosed length[2] in the Federal Correctional Institution in Memphis for his convictions in the Federal District Court for the Western District of Tennessee. He has a lengthy history in the State of Tennessee's criminal justice system. It is relevant for purposes of this appeal that he was convicted of petit larceny in 1971 and 1972 and second degree murder and carrying a pistol by means of using a firearm in 1979. The latter sentence was affirmed by this court in 1980. See State v. William Lynn Johnson, No. 41 (Tenn. Crim. App., Jackson, May 15, 1980), perm. app. denied (Tenn. 1980). Thereafter, he filed a post-conviction petition as to that conviction, and relief was denied. The dismissal of his petition was affirmed by this court. State v. William Lynn Johnson, No. 74 (Tenn. Crim. App., Jackson, Dec. 29, 1983), perm. app. denied (Tenn. 1984). Thereafter, the petitioner filed a petition for writ of habeas corpus with the federal district court, and he was awarded a new trial. Johnson v.

---

[1] The petitioner styled his name "William Lynn Johnson, Sr." in his petition. Although we do not have the benefit of the charging instrument, all of the documents from the underlying conviction which have been included in the record bear the name "William Lynn Johnson." In accordance with the policy of this court, we will use the name as it appears in the documents pertaining to the original conviction.

[2] The sentencing information contained in the record is not legible; therefore, we are unaware of the length of the petitioner's sentence.

<u>Dutton</u>, No. 84-2776H (W.D. Tenn. June 13, 1986). This order was subsequently affirmed by the U.S. Court of Appeals for the Sixth Circuit. <u>Johnson v. Dutton</u>, No. 86-5760 (6th Cir. June 1, 1987). On February 12, 1988, prior to retrial, the petitioner entered a guilty plea to the offense of murder in the second degree and received a twelve-year sentence. He was released from prison later that year. On February 10, 1989, the petitioner was arrested and subsequently charged in a federal indictment with three counts of possession of cocaine with intent to distribute and one count of use of a firearm in relation to a drug trafficking offense. The petitioner thereafter entered guilty pleas on three of the four counts alleged in the indictment. He is currently serving his sentence for the convictions pursuant to those guilty pleas at the Federal Correctional Institution in Memphis. The length of the federal sentence was enhanced, in part, due to the 1971, 1972 and 1988 Tennesee convictions.[3] In his post-conviction petition filed on February 28, 1996 in the Criminal Court of Shelby County, he attacks the constitutionality of the enhancing Tennessee convictions, alleging he was not advised prior to his guilty pleas[4] of his right against self-incrimination and that these convictions might be used to enhance his sentence for any subsequent conviction.[5] Following the state's

---

[3]According to the federal presentence report in the record, only the 1971 and 1988 convictions were assigned "points" under the federal sentencing guidelines.

[4]The record does not reflect whether the petitioner pleaded guilty as the basis for the petit larceny conviction; this is inferred from his petition, which refers to "his Change of Plea transcripts." This court interprets this to refer to the transcript from the guilty plea hearing. The record does contain the written waiver signed by the petitioner in his 1988 guilty plea.

[5]Only a violation of the United States or Tennessee constitutions is a proper basis for post-conviction relief. <u>Housler v. State</u>, 749 S.W.2d 758, 761 (Tenn. Crim. App. 1988). In <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S. Ct. 1709 (1969), the Supreme Court held that the Constitution requires that defendants be advised prior to the acceptance of guilty pleas of their constitutional rights, including the right not to give self-incriminating statements. Tennessee has expanded on the <u>Boykin</u> litany to be given to defendants in this state. <u>See generally</u> <u>Mackey v. State</u>, 553

motion to dismiss the petition as untimely, the court below found without a hearing that the petitioner's claim was barred by the statute of limitations.[6] The petitioner is before us in his appeal of that decision.

The petitioner's post-conviction petition was filed on February 28, 1996. Ostensibly, the 1995 Post-Conviction Procedure Act is applicable to all claims filed after May 10, 1995. See generally Tenn. Code Ann. §§ 40-30-201 through -222 (Supp. 1996). That legislation provides that an individual must file for post-conviction relief "within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a) (Supp. 1996). The Act also provides, "notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Tenn. Code Ann. § 40-30-201, Compiler's Notes (Supp. 1996).

Prior to the enactment of the 1995 Post-Conviction Procedure Act, post-conviction petitions had to be filed within (a) three years of the date of the final action of the highest state appellate court to which an appeal was taken, or (b) three years from July 1, 1986, the effective date of the statute. Tenn. Code Ann. § 40-30-

_____

S.W.2d 337 (Tenn. 1977). In State v. McClintock, 732 S.W.2d 268 (Tenn. 1987), the supreme court said a defendant has the right to be informed of the enhancement possibilities of his or her plea to a Tennessee offense. The absence of the additional McClintock admonishment, however, does not affect the constitutionality of the plea under Boykin. Blankenship v. State, 858 S.W.2d 897, 905 (Tenn. 1993). Therefore, only the alleged absence of the admonishment the appellant was privileged not to give incriminatory statements against himself is potentially a proper claim for this court's review.

[6]Curiously, the lower court also found without elaboration that the petitioner's claim was previously determined. Because we dispose of the petitioner's claim based upon the statute of limitations, we have not addressed the propriety of this finding by the lower court.

102 (1990) (repealed 1995); State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988).  An exception applied, however, to preserve the right of a post-conviction petitioner to mount an otherwise untimely challenge where strict application of the statute of limitations would deprive the petitioner of due process of law.  Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

The petitioner makes several alternative arguments why he should not be barred by either the one year or three year statutes of limitations.

First, he contends his petition should not have been dismissed as untimely because the Tennessee offenses were committed prior to the enactment of the three year statute of limitations, and application of that statute of limitations is an ex post facto infringement of his constitutional rights.  We disagree.  This court has addressed this issue on several occasions and found no ex post facto violation in limiting the period of time within which a post-conviction challenge may be made even though the conviction predates the enactment of the statute of limitations. See, e.g., State v. Richard S. Butler, No. 1338 (Tenn. Crim. App., Knoxville, May 19, 1992); Bobby Silas Robinson v. State, No. 87-69-III (Tenn. Crim. App., Nashville, Jan. 6, 1988).

Alternatively, the petitioner argues Burford provides an exception to the three year statute of limitations which allows him to institute a proceeding to attack his Tennessee convictions, notwithstanding the three year limitation.  Again, we disagree.  Burford was a unique case in which the petitioner was caught in a procedural trap in which he first had to successfully challenge convictions in a post-conviction proceeding in one county in order to have a justiciable claim for relief in

5

post-conviction proceedings in another county. Burford, 845 S.W.2d at 208. He was caught in a quandary because the approach of the statute of limitations applicable to the latter claim was looming prior to a determination of the former claim. Burford, 845 S.W.2d at 208. The supreme court found the application of the statute of limitations to the latter claim violative of due process in that limited circumstance and allowed the Burford petitioner to maintain his claim notwithstanding the statute of limitations. See Burford, 845 S.W.2d at 209-10. Burford did not, however, give post-conviction petitioners the right to wage collateral attack on stale convictions themselves outside the statute of limitations. To be sure, the petitioner in Burford filed his attack on his enhancing convictions within the time then allowed under the Act. See generally Burford, 845 S.W.2d 204. Unlike Burford, the petitioner herein seeks to challenge not his enhanced federal sentence, over which this court has no jurisdiction, but his enhancing Tennessee convictions. In this situation, the Burford exception is inapplicable.

In the next alternative, the petitioner argues his claims should not be barred by the three year statute of limitations which otherwise barred his claims on July 3, 1989[7] as to the 1971 and 1972 convictions and February 12, 1991 as to the 1988 conviction because the federal facility in which he is incarcerated does not have Tennessee Code Annotated available for use by prisoners.[8] Although it is not

---

[7]As previously noted by this court, July 1, 1989 was a Saturday; therefore, post-conviction claims existing prior to the July 1, 1986 effective date of the three-year statute of limitations were barred if not filed by the following Monday, July 3, 1989. Stephen L. Carey v. State, No. 03C01-9309-CR-00330 (Tenn. Crim. App., Knoxville, Nov. 8, 1994), perm. app. denied (Tenn. 1995).

[8]The appellant mistakenly seeks to avail himself of the benefit of Code section 40-30-206(g)(2), which provides that a claim is not waived if the failure to present it was the result of state action in violation of the state or federal constitution. This provision is applicable to a claim that has been otherwise waived by failure to present it in earlier proceedings, i.e. on direct appeal or in a prior post-conviction proceeding, not a claim which his barred by the statute of limitations.

entirely clear, it appears from the record that the appellant has been in federal custody since February 10, 1989. The record does not reflect whether all of this detention and incarceration has been at the Federal Correctional Institute in Memphis, where the appellant alleges he does not have access to Tennessee law materials. We are not persuaded by the petitioner's argument. These facts do not fit within any of the exceptions for untimely filing under Code section 40-30-202(b).

We note parenthetically that the petitioner makes no allegation with respect to his access to legal materials from the dates of his guilty pleas for the prior Tennessee offenses, until February 10, 1989, the date he came into federal custody. See Sands v. State, 903 S.W.2d 297 (Tenn. 1995) (petitioner who did not have access to law library while incarcerated in Florida failed to show he did not have an opportunity to present his claim where it was not based on "later arising ground"); Paul R. Spence v. State, No. 968 (Tenn. Crim. App., Knoxville, Nov. 3, 1991), perm. app. denied (Tenn. 1992) (petitioner incarcerated in another state who did not have access to Tennessee legal materials not entitled to file untimely post-conviction petition). Moreover, he has offered no explanation for his failure to pursue post-conviction relief in nearly 25 years. Cf. Thomas L. Mills v. State, No. 03C01-9505-CR-00137 (Tenn. Crim. App., Knoxville, Jan. 31, 1996) (petitioner who claimed ignorance of post-conviction statute of limitations not entitled to file untimely claim). Accordingly, we fail to find merit in this argument.

The petitioner also urges the court that his claims are not barred because State v. Newsome, 778 S.W.2d 34 (Tenn. 1989) and State v. Frazier, 784 S.W.2d 927 (Tenn. 1990) clarified relevant existing law, and his statute of limitations

---

See Tenn. Code Ann. § 40-30-206(g) (Supp. 1996). Nevertheless, as announced in Burford, the statute of limitations is not a per se bar to untimely claims, and we consider the substance of the petitioner's argument notwithstanding his citation to an inapplicable provision of the Code.

should be computed from the dates of release of those opinions. This argument is without merit. These cases announced no new constitutional rights which required retrospective application. Moreover, the petition was filed six and five years, respectively, after these decisions. Even under the old act, this filing was outside the statute of limitations.

The petitioner's next argument is that the statute of limitations cannot apply to him because he is a federal prisoner. This contention is without merit. Passarella v. State, 891 S.W.2d 619, 622-23 (Tenn. Crim. App. 1994); accord Phillip Woody v. State, No. 03C01-92-11-CR-00396 (Tenn. Crim. App., Knoxville, July 29, 1993) (statute of limitations barred federal prisoner's challenge to Tennessee convictions used to enhance federal sentence).

The petitioner next posits that even if his claim is barred by the former three year statute of limitations, the 1995 Post-Conviction Procedure Act revives his right to file a post-conviction petition within one year of that statute's effective date. In Arnold Carter v. State, No. 03C01-9509-CC-00270 (Tenn. Crim. App., Knoxville, July 11, 1996), perm. app. granted (Tenn. Dec. 12, 1996), this court held that the new Act provided such a window in which any petitioner could seek post-conviction relief even if that petition had previously been barred by the statute of limitations. Judge David Welles filed a strong dissenting opinion. The reasoning of that dissent has formed the basis for every decision since written. See, e.g., Johnny Tillman v. State, No. 03C01-9512-CR-00413 (Tenn. Crim. App., Knoxville, Feb. 12, 1997), petition for perm. app. filed (Tenn. Feb. 18, 1997); Doyle Carter v. State, No. 01C01-9511-CC-00398 (Tenn. Crim. App., Nashville, Feb. 12, 1997). The new Act was not meant to revive previously barred claims.

Additionally, the petitioner argues that his claim was not restricted by

**8**

a statute of limitations prior to the enactment of the 1995 Act because former Code section 40-30-102 applied only to claims where an appeal was taken to the highest state appellate court, not where the conviction followed a guilty plea. This contention is wholly without merit. This court has routinely found the statute of limitations on a post-conviction claim arising from a proceeding in which a guilty plea was entered to commence on the date the judgment of conviction was entered. See, e.g., Sharon Ann Conner v. State, No. 03C01-9509-CC-00279 (Tenn. Crim. App., Knoxville, June 3, 1996); Vernon Wayne Mauldin v. State, No. 03C01-9411-CR-00408 (Tenn. Crim. App., Knoxville, May 25, 1995); perm. app. denied (Tenn. 1995).

Finally, the appellant has not asserted any grounds for allowing untimely consideration of his petition under Tennessee Code Annotated section 40-30-202(b). Thus, the three year statute of limitations applicable to the petitioner's claims under the old Act expired on February 12, 1991 and July 3, 1989. His claim is now barred.

We affirm the judgment of the trial court in dismissing this petition.

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
JOSEPH B. JONES, PRESIDING JUDGE


(NOT PARTICIPATING)
GARY R. WADE, JUDGE