IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1997 SESSION


ARTHUR MELVIN TURNER,     *     C.C.A. # 02C01-9607-CR-00233

          Appellant,     *     SHELBY COUNTY

VS.     *     Hon. John P. Colton, Jr., Judge

STATE OF TENNESSEE,     *     (Post-Conviction)

          Appellee.     *

FILED

July 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

For Appellant:

Arthur Melvin Turner
Pro Se
No. 13253-076
Federal Correctional Institute
P.O. Box 34550
Memphis, TN  38134-0550

For Appellee:

Charles W. Burson
Attorney General & Reporter

William David Bridgers
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Lorraine Craig
Asst. District Attorney General
Criminal Justice Center
201 Poplar Avenue, Suite 301
Memphis, TN  38103


OPINION FILED:_____


AFFIRMED


PER CURIAM

## OPINION

The petitioner, Arthur Melvin Turner, appeals the trial court's denial of his petition for post-conviction relief. The issue presented for review is whether the trial court correctly dismissed the petition without an evidentiary hearing on the basis that it was barred by the statute of limitations. We affirm the judgment of the trial court.

This post-conviction petition, filed April 15, 1996, challenges the validity of three separate convictions: a March 17, 1971, guilty plea to third degree burglary; a May 23, 1974, guilty plea to second degree burglary; and a February 28, 1983, guilty plea. The petitioner contends these sentences are being used to enhance a sentence received in federal court. He alleges that the guilty pleas were not knowingly and voluntarily made. The trial court summarily dismissed the petition as being time-barred.

In this appeal of right, the petitioner makes several arguments as to why his petition should not be barred by the statute of limitations. First, he contends that the statute of limitations does not apply because he is in custody of the federal rather than state government. This court has previously held, however, that there is no distinction under the post-conviction act between a prisoner in federal custody and one in state custody. Passarella v. State, 891 S.W.2d 619, 622-23 (Tenn. Crim. App. 1994). Also, this court has upheld application of the statute of limitations against a federal prisoner. See Phillip Woody v. State, No. 03C01-9211-CR-00396, slip op. at 5 (Tenn. Crim. App., at Knoxville, July 29, 1993). Thus, this contention is without merit.

The petitioner also contends that application of the statute of

2

limitations violates the ex post facto provisions of both the state and federal constitutions. Our courts have consistently rejected this argument. See State v. Richard S. Butler, No. 1338, slip op. at 3 (Tenn. Crim. App., at Knoxville, May 19, 1992). See also William Lynn Johnson v. State, No. 02C01-9605-CR-00136, slip op. at 5 (Tenn. Crim. App., at Jackson, June 10, 1997).

Next, the petitioner argues that the new Post-Conviction Procedure Act creates a one-year window in which any petitioner may file. Effective May 10, 1995, the new Post-Conviction Procedure Act replaced the prior act in its entirety. See 1995 Tenn. Pub. Act 207, §§ 1 and 3. Because this petition was filed in April of 1996, the new act applies. The most recent legislation replaced a three-year with a one-year limitation:

> (a) ...[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason....
>
> (b) No court shall have jurisdiction to consider a petition filed after such time unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in

3

> which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-202 (Supp. 1996).

Because the convictions in this case became final in 1971, 1974, and 1983, this petition appears to have been barred not only by the current one-year statute of limitations but also the former three-year statute. Moreover, the grounds raised in the petition and on appeal do not appear to fall within any of the exceptions set out in Tenn. Code Ann. § 40-30-202(b)(1), (2), or (3) (Supp. 1996).

In <u>Arnold Carter v. State</u>, No. 03C01-9509-CC-00270 (Tenn. Crim. App., at Knoxville, July 11, 1996), <u>appeal granted</u>, (Tenn., Dec. 2, 1996), a panel of this court, by a two-to-one margin, ruled that the literal terms of the new statute created a one-year window, starting on May 10, 1995, during which post-conviction petitions may be filed, notwithstanding the date of the judgment:

> This act shall take effect upon becoming a law, the public welfare requiring it and shall govern all petitions for post-conviction relief filed after this date, and any motions which may be filed after this date to reopen petitions for post-conviction relief which were concluded prior to the effective date of this act. <u>Notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen under this act.</u>

1995 Tenn. Pub. Act 207, § 3 (emphasis added).

This majority found no ambiguities in the terminology of the statute despite the reasonable argument by the dissent to the contrary. In <u>Carter</u>, our supreme court granted the state's application for permission to appeal. While no decision has yet been filed, other panels of this court have adopted the dissenting

4

view in <u>Carter</u> and have held that the new act did not create a new one-year filing period. See, e.g., <u>Ronald Albert Brummitt v. State</u>, No. 03C01-9512-CC-00415 (Tenn. Crim. App., at Knoxville, Mar. 11, 1997); <u>Jimmy Earl Lofton v. State</u>, No. 02C01-9603-CR-00073 (Tenn. Crim. App., at Jackson, Mar. 7, 1997); <u>Roy Barnett v. State</u>, No. 03C01-9512-CV-00394 (Tenn. Crim. App., at Knoxville, Feb. 20, 1997); <u>Stephen Koprowski v. State</u>, No. 03C01-9511-CC-00365 (Tenn. Crim. App., at Knoxville, Jan. 28, 1997); <u>Johnny L. Butler v. State</u>, No. 02C01-9509-CR-00289 (Tenn. Crim. App., at Jackson, Dec. 2, 1996). A majority of this panel now adheres to the holding in these subsequent cases. Thus, treating the petition as one for post-conviction relief, this claim is barred by the statute of limitations under the new Act.

The petitioner also argues he is entitled to relief under the principles announced in <u>State v. Frazier</u>, 784 S.W.2d 927 (Tenn. 1990); <u>State v. Newsome</u>, 778 S.W.2d 34 (Tenn. 1989); and <u>State v. McClintock</u>, 732 S.W.2d 268 (Tenn. 1987). <u>Frazier</u> held that <u>Boykin</u> was not to be applied retrospectively and that <u>Mackey</u> violations that exceeded the mandates of <u>Boykin</u> were not subject to review during a post-conviction proceeding. <u>Frazier</u>, 784 S.W.2d at 928. <u>Newsome</u> held that the harmless error rule applies to violations of <u>Mackey</u>. <u>Newsome</u>, 778 S.W.2d at 38. Neither <u>Frazier</u> nor <u>Newsome</u> created a new constitutional right to be applied retroactively. The plain language in <u>McClintock</u> provides that the ruling only applies to litigants already in the "pipeline." <u>McClintock</u>, 732 S.W.2d at 274. None of these rulings afford the petitioner any relief.

The petitioner also argues that the former post-conviction statute of limitations does not apply to guilty proceedings unless an action is filed in the highest state appellate court. Our court has routinely held that the statute of

5

limitations on guilty pleas commences "when the judgment of conviction [is] entered." Sharon Ann Conner v. State, No. 03C01-9509-CC-00279, slip op. at 2 (Tenn. Crim. App., at Knoxville, June 3, 1996).

The petitioner also argues that the application of the statute of limitations to his case denies him due process of law and that the post-conviction court erred when it did not find an exception to the statute of limitations in this case. In Burford v. State, 845 S.W.2d 204 (Tenn.1992), our supreme court carved out a narrow exception to the three-year statute of limitations. Burford had been sentenced as a habitual criminal to a term of life imprisonment based upon five prior robbery convictions. Id. at 205. He filed a timely post-conviction petition, alleging that certain of his five prior robbery convictions were constitutionally infirm because he had not been advised of his right against self-incrimination before entering his plea; he was granted post-conviction relief from these convictions. Id. Later, after the three-year statute of limitations had expired, Burford filed a petition to set aside the finding of habitual criminality on the basis that there was no longer a sufficient number of prior felony convictions to qualify him for the enhanced punishment. Id. at 206. Our supreme court ruled that the statute of limitations, while generally compliant with constitutional due process, violated Burford's specific due process rights:

> If consideration of the petition is barred, Burford will be forced to serve a persistent offender sentence that was enhanced by previous convictions that no longer stand. As a result, Burford will be forced to serve an excessive sentence in violation of his rights under the Eighth Amendment to the U.S. Constitution, and Article I, § 16 of the Tennessee Constitution, which, by definition, are fundamental rights entitled to heightened protection.

Burford, 845 S.W.2d at 209.

In Sands v. State, 903 S.W.2d 297 (Tenn.1995), our supreme court

6

further defined how to apply the Burford test. A court must:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," against the State's interest in preventing the litigation of "stale and fraudulent claims."

Sands, 903 S.W.2d at 301 (citations omitted) (quoting Burford, 845 S.W.2d at 207, 208).

By the use of these guidelines, we have first determined that the statute of limitations for this petitioner's convictions expired in 1989.[1] The petitioner's argument fails at the second step. He argues his pleas were involuntary. The right to the voluntariness of a guilty plea was established well before petitioner's convictions were entered. See, e.g., Boykin v. Alabama, 395 U.S. 238 (1969). Thus, he has not established that a constitutional right arose after his convictions became final or after his statute of limitations expired. To the extent the petitioner argues his pleas are invalid because he was not advised that the conviction could be used to enhance a subsequent punishment, that portion of the advice litany is not constitutionally required. Our supreme court has ruled that the "advice [that the conviction may be used to enhance a future sentence] ... is not based upon any constitutional provision, federal or state... such omissions have no validity on the ... post-conviction proceeding." State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989).

---

[1] The three-year statute of limitations was passed in 1986. See Tenn. Code Ann. § 40-30-102 (repealed 1995).

7

This court is compelled to comment on the 1983 guilty plea. The petition states that this conviction occurred on "February 28, 1993." The state did not file an answer indicating when the conviction occurred. The trial court's order dismissing the petition also did not indicate the date of conviction. Our court, however, takes judicial notice of the fact that the conviction in this case occurred on February 28, 1983, and that the petition contains a typographical error. "The courts may take judicial notice of the court records in an earlier proceeding of the same case and the actions of the courts thereon." Delbridge v. State, 742 S.W.2d 266, 267 (Tenn. 1987). In addition, appellate courts are authorized to supplement incomplete records. Tenn. R. App. P. 24(e). Accordingly, we have supplemented the record with a copy of the judgment and conclude that the conviction did, in fact, become final on February 28, 1983.

If judgment had been entered on February 28, 1993, as alleged, the petitioner would have filed a timely petition. In Betsy Jane Pendergrast v. State, No. 01C01-9607-CC-00289, slip op. at 3 (Tenn. Crim. App., at Nashville, May 16, 1997), this court ruled that the new Post-Conviction Act gives individuals whose statute of limitations had not yet run a year from the effective date of the new Act until May 10, 1996.

We emphasize that the state has an obligation to file portions of the record "that are material to the questions raised therein." Tenn. Code Ann. § 40-30-208(b) (1996 Supp.). "It is the role of the State, and not the court, to file those parts of the record that are material to the questions raised in the petition." Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993).

We affirm the judgment of the trial court.

8

PER CURIAM

Joe B. Jones, Presiding Judge
Gary R. Wade, Judge
John H. Peay, Judge