STATE of Tennessee, Appellant,

v.

Thomas Junior NEWSOME, Appellee.

Supreme Court of Tennessee,
at Nashville.

Sept. 25, 1989.

Charles Burson, Atty. Gen. & Reporter, Albert L. Partee, III, Asst. Atty. Gen., Richard Fisher, Asst. Dist. Atty. Gen., Nashville, for appellant.

Michele D. Collins, Woods & Woods, Nashville, for appellee.

John E. Herbison, Paul J. Morrow, Jr., Nashville, for amicus curiae.

## OPINION

O'BRIEN, Justice.

This case originated with an indictment against defendant in the Davidson County Criminal Court charging him with the offenses of aggravated rape and aggravated kidnapping. After a number of continuances the case came to trial on 17 November 1986. For various reasons, related in the record, defendant elected to enter into a plea agreement which was approved by the court. On 10 December 1986 defendant moved to withdraw his guilty plea. At the hearing on the motion held 11 December 1986 the trial judge, sensing a conflict between the defendant and his appointed counsel, allowed defendant to withdraw his motion. The court appointed another lawyer to re-file the motion and begin anew the proceedings to withdraw.

The matter came on again to be heard on 26 March 1987, with newly appointed counsel. After conducting a complete hearing the trial judge denied the motion to withdraw. Defendant was sentenced to two (2) twenty-five (25) year sentences as a Range I standard offender. The sentences were fixed to run concurrently.

Defendant appealed charging ineffective assistance of counsel at trial, including the submission proceedings on his guilty plea.

The Court of Criminal Appeals rejected defendant's contention that his guilty plea was invalid because of ineffective assistance of counsel. Citing T.R.A.P. 13(b) and Tenn.R.Crim.P. 52(b) that court found plain error because the trial court failed to comply fully with the mandated procedure for the acceptance of guilty pleas set forth in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). The Court found there was an omission of the fifth *Mackey* requirement which provides:

> "That if [a defendant] pleads guilty, the court or the state may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement, and further, that, upon the sentencing hearing, evidence of any prior convictions may be presented to the judge or jury for their consideration in determining punishment." *Mackey*, 553 S.W.2d p. 341.

Observing that the language of *Mackey*, and *Rounsaville v. Evatt*, 733 S.W.2d 506 (Tenn.1987), establish the fifth provision [of *Mackey* ] as, at minimum, a mandatory order of the Supreme Court ... if not one of constitutional proportions, the appellate court concluded that a *substantial right* of the defendant was violated by the failure on the part of the trial court to fully advise the *Mackey* directives. They set aside the guilty plea and reversed the judgment of the trial court.

The State made application for appeal to this Court submitting that the bench and bar need further guidance regarding the import of the language in *Rounsaville,* on the premise that it has been construed to constitutionalize the supervisory requisites for guilty plea allocutions found in *Mackey;* to eliminate the substantial compliance rule established in *Mackey* and approved in *State v. Teague*, 680 S.W.2d 785 (Tenn. 1984); and also to place the supervisory requisites beyond the harmless error rule

established by T.R.A.P. 36(b). The issue raised in the State's brief is that the Court of Criminal Appeals found each of the foregoing matters as elements mandated in *Mackey* and therefore should be overruled.

The defendant, on the other hand, argues that the intermediate court was eminently correct, and that the mandates of *Mackey* must be strictly adhered to by the trial court in accepting a defendant's guilty plea.

We have been favored by an amicus curiae brief filed by the Tennessee Association of Criminal Defense Lawyers in which the issue is posited to be whether the procedures for acceptance of a guilty plea by a court exercising original criminal jurisdiction set forth by this Court in *Mackey,* supra and *Rounsaville,* supra, supplemented by Rule 11 of the Tenn.R.Crim.P., are required by the Constitution of the State of Tennessee and/or by the Constitution of the United States.

In light of these variant views and the continued conflict among the judgments of the lower courts we granted the appeal in this case to dispel some of the confusion.

*Mackey* of course is derivative of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The *Boykin* opinion is short, it is simple and so direct it seems impossible to conceive that the rawest neophyte could not understand its message. Yet, in the twenty years of its existence the appellate courts of this State have been faced regularly with appeals alleging failure of trial judges to follow its mandate. In *Boykin* the court said: It is error, plain on the face of the record, for a trial judge to accept a petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. To be voluntary it must be knowledgeable and the failure to properly instruct a defendant is a violation of due process and the guilty plea is void. See 89 S.Ct. at 1711–1712, n. 5.

This is so because a plea of guilty is more than an admission of conduct; it is a conviction. Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a

state criminal trial. First, is the privilege against *compulsory* self-incrimination guaranteed by the Fifth Amendment. Second is the right to trial by jury. Third is the right to confront one's accusers. A waiver of these rights cannot be presumed from a silent record. The question of an effective waiver of these constitutional rights is governed by federal standards. 89 S.Ct. at 1712 (Emphasis ours).

In stressing the necessity for a trial judge to make sure that an accused has a full understanding of the connotations of the guilty plea and its consequence, the court noted that Rule 11 of the Federal Rules of Criminal Procedure, governs the duty of a trial judge in federal court in accepting a guilty plea. 89 S.Ct. at 1712, n. 5.

The present Federal Rules of Criminal Procedure, including Rule 11, became effective on 21 March 1946. By the time of the adoption of the Tennessee Rules of Criminal Procedure in July 1978, the federal rules had been amended substantially. Tennessee Rule 11, generally parallels the existing federal rule with the exception that Federal Rule 11(a)(2) is a somewhat more expansive version of Tenn.R.Crim.P. Rule 37(b)(2)(i). Also a harmless error provision was added in 1983 as Sec. (h), providing that "any variance from the procedures required by [the] rule which does not affect substantial rights shall be disregarded." That amendment is encompassed in Tennessee Rule of Appellate Procedure 36(b) and Tenn.R.Crim.P. 52(a).

The committee comments to Federal Rule 11(h) are worthy of note. Two significant points are made. First, it is observed that "Subdivision (h) makes clear that the harmless error rule of [Federal] Rule 52(a) is applicable to Rule 11. The provision does not, however, attempt to define the meaning of 'harmless error,' which is left to the case law." ... Second, [the rule] "is not to be read as requiring a litany or other ritual which can be carried out only by word-for-word adherence to a set 'script.'" "[E]ven when it may be concluded [the rule] has not been complied with in all respects, it does not inevitably follow that the defendant's plea of guilty or nolo con-tendere is invalid and subject to being overturned by any remedial device available ..."

In reference to federal standards it was pointed out in *United States v. Saft*, 558 F.2d 1073 (2nd Cir.1977):

"[T]he Rule does not say that compliance can be achieved only by reading the specified items *in haec verba*. Congress meant to strip district judges of freedom to decide *what* they must explain to a defendant who wishes to plead guilty, not to tell them precisely *how* to perform this important task in the great variety of cases that would come before them. While a judge who contents himself with literal application of the rule will hardly be reversed, it cannot be supposed that Congress preferred this to a more meaningful explanation, *provided that all the specified elements were covered.*" (Emphasis ours).

Of course, Tennessee courts are not bound by federal rules or the rules of sister states, however there is merit in uniformity and we may consider them for guidance. See *State v. Jones*, 598 S.W.2d 209, 219 (Tenn.1980); *Bowen v. State*, 488 S.W.2d 373, 375 (Tenn.1972).

In *United States v. Stead*, 746 F.2d 355 (6th Cir.1984), cert. denied 470 U.S. 1030, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985), coming from our sister State of Kentucky, the court found harmless error in acceptance of a guilty plea:

"In *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court held that trial judges must strictly adhere to the requirements of Rule 11 when accepting a guilty plea from a criminal defendant. *Id.* at 463–64, 89 S.Ct. at 1169–1170. The court stated that Rule 11 is designed: (1) to assist the district judge in making the constitutionally required determination that a guilty plea is truly voluntary; and (2) to produce a complete record of the factors relevant to the voluntariness determination. It was further held that Rule 11 also requires the district judge to directly inquire of a defendant as to whether he understands the nature of

the charge against him and is aware of the consequences of his plea. 394 U.S. at 464–467, 89 S.Ct. at 1169–1171.

In 1983, Congress enacted subdivision (h) of Rule 11. This amendment incorporates the harmless error standard of Rule 52(a) of the Federal Rules of Criminal Procedure into Rule 11. Consequently, a guilty plea entered pursuant to Rule 11 will now be reversed only where the trial court, in accepting the guilty plea, violates a substantial right of the criminal defendant. See Fed.R.Crim.P. 11(h) advisory committee note.

The adoption of this recent amendment to Rule 11 alters the approach this court must now use in reviewing guilty pleas. Prior to the enactment of Rule 11(h) this court addressed challenges to Rule 11 guilty pleas in two ways. Where the guilty plea was the subject of a collateral attack, substantial compliance with Rule 11 was sufficient. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *Fontaine v. United States*, 526 F.2d 514 (6th Cir.1975). Strict compliance with Rule 11 was required by this Court where the guilty plea was being reviewed on direct appeal. *See, e.g., United States v. Stanton*, 703 F.2d 974 (6th Cir.1983). Since Rule 11(h) requires reversal only where substantial rights have been affected, the substantial compliance standard will now be used by this Court on direct appeal as well as collateral attack.

A review of the record in this case using Rule 11(h) discloses that the district court substantially complied with requirements of that rule. Judge Johnstone made a conscientious and meticulous effort to ascertain that Stead's guilty plea was voluntary. He also sought to ensure that Stead understood the nature of the charges against him and the consequences of his guilty plea. The failure to mention the specific rights named by the defendant does not preclude a finding that Stead voluntarily and intelligently entered his guilty plea. Thus, under Rule 11(h) the district court's omission constitutes harmless error as no substantial right of the appellant has been violated."

In *Hill v. Lockart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the court held that the two-part standard adopted in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to guilty plea challenges based on ineffective assistance of counsel and that a defendant must show that there was reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

In *State v. Mackey*, supra, the defendant entered a plea of guilty. The issue presented to this court was whether the trial record adequately demonstrated that the guilty plea was voluntarily, understandingly and intelligently made as required by *Boykin*, supra. This Court found that the trial judge's failure to address the defendant personally in open court and inform him of the constitutional privilege against self-incrimination and to ascertain that he fully understood the significance of his waiver of that right was an error of constitutional proportion. The guilty pleas were set aside and voided.

In the exercise of its supervisory power to insure that the courts of this State afford fairness and justice to defendants in criminal cases, the court superimposed additional requirements than those mandated by *Boykin*, to which trial judges in accepting pleas of guilty in criminal cases must adhere, substantially. 553 S.W.2d at 340–341. Similar requirements are set forth in Rule 11 of the Rules of Criminal Procedure, although this rule does not completely encompass the *Mackey* requirements.[1]

Ten years after *Mackey*, in *Rounsaville v. Evatt*, 733 S.W.2d 506, 508 (Tenn.1987), the Court emphasized that *Mackey* controls the acceptance of guilty pleas.

---

**1.** *In State v. McClintock*, 732 S.W.2d 268, 273 (Tenn.1987), the Court added a further requirement, "... [A]ny court accepting a plea of guilty must make it clear to the defendant that the resulting judgment of conviction may be used in a subsequent proceeding to enhance the punishment for subsequent offenses.

■ We have addressed the constitutional issue in many cases and at the risk of appearing repetitious we reiterate that neither *Rounsaville* nor *McClintock,* supra, recognized any new constitutional right but merely restated and reemphasized requirements of preexisting state law. Any interpretation of either of these cases to the contrary is erroneous and not to be considered as a precedent.

In *Mackey* this Court adverted to its authority to "require stricter standards than those mandated by the *Boykin* decision." A close reading of *Mackey* fairly demonstrates that the court did not impose more rigid strictures to be observed in guilty plea proceedings. The Court did no more than add some additional requirements for the trial courts to apply in accepting a plea of guilty. To read other than that into the *Mackey* statement "stricter standards" would be to raise all of the *Mackey* requirements to a level of sanctity higher than that accorded many constitutional rights. See *United States v. Dayton,* 604 F.2d 931, 939 (5th Cir.1979). The rule in *Mackey* requires trial judges in accepting pleas of guilty in criminal cases to adhere, *substantially* to the procedure prescribed. We consider that requirement to relate to Criminal Procedure Rule 11 as well. Since much of both rules is constitutionally based, faithful adherence to their requirements creates a record which permits appellate courts to ascertain that defendants who enter guilty pleas do so advisedly and trial judges to know what they must and must not do in the plea procedure. The reasons for any deviation from the letter of these rules must appear plain in the record in order that, if appropriate, a harmless error application may be made on appellate review.

To recapitulate, the United States Supreme Court has said: "Whether a conviction for crime should stand when a state has failed to accord federal constitutionally guaranteed rights is every bit as much of a federal question as what particular federal constitution provisions themselves mean, what they guarantee, and whether they have been denied. ... In the absence of appropriate congressional action, it is our responsibility to protect [federal rights] by fashioning the necessary rule." *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 826–827, 17 L.Ed.2d 705 (1967). Noting that all of the fifty states, as well as the United States, have legislatively created harmless-error statutes or rules, they concluded that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction.

Tennessee's harmless error rule is set out in T.R.A.P. 36(b) and Rule 52(a) of the Rules of Criminal Procedure. It has been legislatively approved by adoption of the foregoing rules. This Court is bound by such legislative action unless it be constitutionally unsound. We hold that it is not. A fortiori, any interpretation of Rule 11, or the *Mackey* rule created by this Court must be reviewed under the harmless error standard.

Applying this standard we must determine if the trial court's omission was or was not harmless to this defendant beyond a reasonable doubt.

■ The trial judge failed to advise the defendant in accordance with the fifth requirement of *Mackey* that his responses to the court or the attorney general at his guilty plea submission, if under oath and on the record, could be later used against him in a prosecution for perjury or false statement. He has not been prosecuted for perjury nor will he be since any such prosecution is now barred by the statute of limitations. Therefore, that error can only be harmless.

■ The second part of provision five requires the judge to advise a defendant that upon the sentencing hearing, evidence of any prior convictions may be presented to the judge or jury for their consideration in determining punishment. Common sense dictates that if the trial judge accepts the plea agreement procedure set out in Rule 11(e)(1)(C) this part of *Mackey* (5) would not be applicable and there would be substantial adherence to the *Mackey* proce-

dure. The trial judge did accept the State's recommendation in this case and his omission to advise the defendant on this provision certainly did not cause him to suffer any detriment. The error was harmless.

The judgment of the Court of Criminal Appeals is vacated, set aside and held for naught. Any prior decisions of the intermediate court in conflict with this opinion are declared void. The provisions of *Mackey* as supplemented by the additional admonition in *State v. McClintock*, supra, are governed by the harmless error rule as set out in this opinion. The *McClintock* addition requires any court accepting a plea of guilty to make it clear to the defendant that the resulting judgment of conviction may be used in a subsequent proceeding to enhance the punishment for subsequent offenses.

We are indebted to Amicus Curiae for their assistance in this matter.

The costs of this appeal are adjudged against the defendant.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.