**Steven Lyn DALTON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 12, 1990.

Joseph P. Atnip, District Public Defender, Dresden, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Michaela K. Mathews, Asst. Atty. Gen., Nashville, Tommy Thomas, Dist. Atty. Gen., James T. Cannon, Asst. Dist. Atty. Gen., Union City, for appellee.

OPINION

SUMMERS, Judge.

Appellant, Steven Lyn Dalton, brought this action for post-conviction relief in the Criminal Court of Weakley County. The

trial court dismissed the petition, and an appeal was taken to this Court. We find no error and affirm the trial court's judgment.

In December of 1983, appellant was indicted for the offense of murder in the first degree. He pled guilty in return for a sentence of life imprisonment. The twenty-one year old appellant had confessed to killing a much smaller man, who was arthritic and close to sixty years old, during an armed robbery. The victim was working a part-time job as a bartender in order to earn some extra money for Christmas. According to appellant's confession, he entered the targeted establishment with the intention of robbing it. Once inside, he reached for the cash register; and the victim interceded. In response, appellant grabbed an eight inch knife which was on the bar and stabbed the victim several times causing his death. Faced with a possible death sentence, appellant decided to plead guilty.

The convicting court found appellant's guilty plea to be knowing and voluntary. The court, however, failed to specifically advise appellant of his right against compelled self-incrimination and his right to confront adverse witnesses. See *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Appellant phrases the issue in this case as follows:

> The issue in this case is whether the failure of the trial court to advise a defendant of his right against self-incrimination and his right of confrontation when accepting a guilty plea can constitute harmless error. In other words, if a trial court fails to advise a defendant of these two rights, can a reviewing court legally find that the omission is harmless error?

Appellant contends that the answer to this question is that such omissions are not and can never be harmless error under Tennessee law. We respectfully disagree.

Appellant correctly points out that the answer to the issue at bar can be determined by a review of the Supreme Court case of *State v. Newsome*, 778 S.W.2d 34 (Tenn.1989). *Newsome* involved a direct appeal from a conviction of the offenses of aggravated rape and aggravated kidnapping. The defendant had entered a guilty plea which he later sought to withdraw. The trial court denied the motion to withdraw and sentenced the defendant to two twenty-five year sentences. The defendant appealed alleging ineffective assistance of counsel. On appeal, this Court rejected the defendant's allegation of ineffective assistance of counsel, but reversed the conviction finding plain error in the record. This Court found that the trial court failed to comply with the mandates of *State v. Mackey*, supra, when accepting the defendant's guilty plea. The Court found an omission of the fifth *Mackey* requirement, to wit:

> Before accepting a plea of guilty the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (5) That if he pleads guilty, the court or the state may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement, and, further, that, upon the sentencing hearing, evidence of any prior convictions may be presented to the judge or jury for their consideration in determining punishment.

*Id.* at 341.

In *Newsome*, the Supreme Court noted that the Court of Criminal Appeals was correct in its observation that the trial court failed to inform the defendant that the guilty plea submission could later be used against him in a prosecution for perjury. The Court also noted, however, that the defendant had not been prosecuted for perjury and could not later be subjected to such a prosecution because of the bar of the applicable statute of limitations. The Court, therefore, held that the error was

harmless. *Id.* at 38. The Supreme Court also acknowledged that the trial court did not comply with the second portion of the fifth *Mackey* requirement which provides that the defendant should be informed that his prior convictions may be considered by the trial judge (or jury) for consideration in making a punishment determination. The Court again found such error to be harmless because the defendant had entered a plea bargain in accordance with Rule 11(e)(1)(C), Tenn.R.Crim.P.; and the trial judge accepted the State's negotiated recommendation. *Id.* at 38–39.

 In the present case, appellant argues that the holding in *Newsome* is limited to its facts and does not stand for the proposition that all the *Mackey* requirements are subject to harmless error scrutiny. In *Mackey*, our Supreme Court recognized that when a guilty plea is entered, the defendant waives several constitutional privileges, including his right against compulsory self-incrimination, his right to a trial by jury, and his right to confront his accusers. These three constitutional rights were discussed in *Boykin*, 395 U.S. 242–44, 89 S.Ct. at 1712. The *Mackey* Court established, through its supervisory power, various other rights, beyond *Boykin*, to which a criminal defendant is entitled prior to the submission of a guilty plea. Appellant asserts that the harmless error approach found in *Newsome* may only be applied when reviewing one of the *Mackey* rights which went beyond *Boykin*. In other words, it is appellant's position that the rights to be informed of his right to a jury trial, his right of confrontation, and his right against compulsory self-incrimination, are indispensable and not subject to harmless error analysis.

In our opinion, *Newsome* applies to all the requirements referred to in *Mackey*, including the *Boykin* rights. The Supreme Court's *per curiam* order in *State v. Frazier*, 784 S.W.2d 927 (Tenn.1990) seems to settle any possible confusion with respect to this question. Referring to *Newsome*, the Court stated that "[s]uch *Boykin* violations as are found are subject to substantial compliance and harmless error scrutiny." *Id.* at 928.

Thus, although it is clear in this case that the trial court did not specifically follow the mandates of *Boykin* as recognized by *Mackey*, we hold that the omissions complained of are subject to review in order to determine whether the error was harmless.

 The ultimate question is whether the plea of guilty represents a voluntary and intelligent choice among alternative courses of action. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The court below found appellant's guilty plea to have been entered knowingly and voluntarily, and our review of the record does not show the evidence to preponderate against the court's finding. We are in agreement with the lower court that the errors complained of were harmless beyond a reasonable doubt.

For the reasons stated, the judgment of the trial court, dismissing the petition for post-conviction relief, is affirmed.

SCOTT and PEAY, JJ., concur.