IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 10, 2002 Session

## TERRY L. BAKER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 92-A-647     Seth Norman, Judge**

---

**No. M2002-00400-CCA-R3-PC - Filed December 29, 2003**

---

The petitioner sought post-conviction relief because of ineffective assistance of counsel at the resentencing hearing and on appeal. The trial court found that the sentence imposed was pursuant to an agreement. We conclude the record preponderates against such a finding. We further conclude that the record was insufficient to show that the guilty plea was knowingly and voluntarily entered. The defendant's twenty-year sentence is vacated, and this cause remanded for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Vacated and Remanded for Resentencing**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court. DAVID G. HAYES, J., filed a separate concurring opinion, in which NORMA MCGEE OGLE, J., joined .

Paul J. Bruno, Nashville, Tennessee, for the appellant, Terry L. Baker.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; Jon P. Seaborg and Kymberly L. A. Haas, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Terry L. Baker, appeals his denial of post-conviction relief, alleging ineffectiveness of counsel concerning his hearing for violation of his community corrections sentence. The petitioner alleges that trial counsel was deficient in not insisting on a sentencing hearing and in his failure to appeal the sentence imposed. Originally, the petitioner had, pursuant to a plea agreement, pled guilty to seven Class B felonies with a range of eight to twelve years as a Range I offender and received a sentence of ten years on each count, to be served concurrently on community corrections.

The warrant seeking violation of the petitioner's community corrections status alleged as follows: (a) a positive drug test for marijuana and cocaine; (b) the petitioner's lack of availability to his community corrections officer; and (c) the petitioner's plea of guilty to robbery.

The violation hearing was brief and conducted entirely without any input from or dialogue with the petitioner. Prior to the petitioner's entry into the courtroom, his counsel made the following announcement: "Your honor, quite candidly, I have discussed the case with the defendant, he is willing to concede the violation and request the sentence be put into effect."

After the petitioner's counsel announced ready, the prosecutor proceeded to give background information on the original plea agreement and recommended a sentence of twenty years at 35%. Counsel for the petitioner made no further statements other than the following: "You've heard the facts. You've heard the case. I have nothing more to add, other than what's placed in the record."

The court then sentenced the petitioner to twenty years, to run consecutive to the three-year sentence previously rendered for the petitioner's robbery conviction. No increase in the release eligibility date was ordered. The judgment form reflecting the violation and increased sentence were inserted on the original judgments under "special conditions." No separate judgments for the violation hearing appear in the record.

The petitioner's post-conviction relief petition alleged that trial counsel was ineffective for failure to demand a sentencing hearing or to appeal the sentence and further denied any agreement by him to accept a twenty-year sentence. During the post-conviction hearing, the petitioner's trial counsel admitted that he did not request a hearing for the petitioner. Counsel justified his failure to request a hearing based on his "belief" that the petitioner had agreed to the offer of a twenty-year sentence. The petitioner, at his post-conviction hearing, admitted his violation but denied any agreement to accept a twenty-year sentence or to waive the sentencing hearing.

**Standard of Review**

In post-conviction relief proceedings, the petitioner has the burden of proving the allegations in his [or her] petition by clear and convincing evidence in order to get relief. Tenn. Code. Ann. § 40-30-210(f). We are required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. State v. Burns, 6 S.W.3rd 453, 461 (Tenn. 1999).

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S.

668, 687-88, 692, 694, 104 S. Ct. 2052, 2064-65, 2067-68, 80 L. Ed. 2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

In the case of a guilty plea, to satisfy the requirement of prejudice, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370-71, 88 L. Ed.2d 203 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991)

**Analysis**

Sentencing Hearings

Probation revocation and community corrections revocation are sufficiently similar in nature to justify applying similar procedures to both types of sentences. State v. Harkins, 811 S.W.2d 79, 82-83 (Tenn. 1991). The procedural standards for revocation of a community corrections sentence should be no less stringent than those used in probation revocation. Bentley v. State, 938 S.W.2d 706, 714 (Tenn. Crim. App. 1996). The codification of procedures for revocation of probation is contained in the Tennessee Criminal Sentencing Reform Act of 1989, Tenn. Crim. App. § 40-35-311, and is in *para materia* with the Tennessee Community Corrections Act of 1985, Tenn. Code Ann. § 40-36-101 et. seq., State v. Moss, 727 S.W.2d 229, 236 (Tenn. 1986).

When revoking a community corrections sentence, the trial court is empowered to resentence the accused. Tenn. Code Ann. § 40-36-106(e)(3). The statute does not permit a trial court to arbitrarily establish the length of the new sentence or use the statute for the sole purpose of punishing the accused for violating the community corrections provisions. State v. Ervin, 939 S.W.2d 581 (Tenn. Crim. App. 1996).

A new sentence that exceeds the original sentence may be imposed by the trial court. Tenn. Code Ann. § 40-36-106(e)(4). However, when imposing a new sentence, the trial court must conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989. See Tenn. Code Ann. § 40-35-209(a) and 210(a) - (e); Ervin at 583. These statutory provisions are mandatory. State v. Gauldin, 737 S.W.2d 795, 798 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1987); Ervin at 584.

The record on appeal reveals that the petitioner's trial counsel did not seek a sentencing hearing and further shows that the mandatory statutory provisions for resentencing were not followed. From trial counsel's testimony at the post-conviction hearing, this was due to counsel's "belief" that the petitioner had agreed to the state's offer of a twenty-year sentence. Since the petitioner was not questioned at the time of the imposition of the new sentence, he had no viable opportunity to express assent to the proposed sentence or waiver of any statutory or constitutional rights available to him.

The trial court also found that the sentence was pursuant to an agreement. We conclude that the record preponderates against the finding of an agreement. Very little was said by trial counsel at the sentencing hearing. Nothing was said by the defendant. Neither the defendant, trial counsel, the State, nor the trial judge said anything that could remotely suggest the defendant had reached an agreement as to the sentence. The words "agreement", "compromise", "worked out", "pursuant to state's recommendations", "offer", or "dispute" appear anywhere in this record in order for us to conclude any evidence exists that would support a finding that the defendant agreed to the sentence imposed. We note that if there was, in fact, an agreement, then the State did not get the benefit of its bargain because the trial judge did not increase the defendant's release eligibility date from 30% to 35% as recommended by the State.

Guilty Pleas

An extensive history of the admonitory rights required prior to acceptance of guilty pleas is contained in State v. Neal, 810 S.W.2d 131(Tenn. 1991). The analysis therein begins with Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed.2d 274 (1969) and State v. Mackey, 553 S.W.2d 337 (Tenn. 1977), and the subsequent treatments by Rounsaville v. Evatt, 733 S.W.2d 506, (Tenn. 1987); State v. Newsome, 778 S.W.2d 34 (Tenn. 1989); and State v. Frazier, 784 S.W. 2d 927 (Tenn. 1990).

The mandatory advice, also referred to as the "prescribed litany," to be given a defendant prior to acceptance of a guilty plea owes its origins in part to the following sources: federal constitutional law as pronounced by the federal Supreme Court, state constitutional law as stated by the Tennessee Supreme Court, Tennessee Rules of Criminal Procedure (Rule 11), and pronouncements by the Tennessee Supreme Court in its exercise of its supervisory authority. All of these parts share the common design to insure that guilty pleas are voluntary and knowing. State v. Neal, 810 S.W.2d 131, 135 (Tenn. 1991). Case law since Boykin has consistently demanded complete adherence to the full litany of information required to be communicated during the entry of guilty pleas. Boykin, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); Mackey, 553 S.W.2d 337 (Tenn. 1977); McClintlock, 732 S.W.2d 268 (Tenn. 1987); Prince, 781 S.W.2d 846 (Tenn. 1989); Newsom, 778 S.W.2d 34 (Tenn. 1989); and Neal, 810 S.W.2d 131 (Tenn. 1991).

While not encouraging departure from full compliance with the above noted requirements, it has been held that substantial compliance shall be sufficient if the sense of the substance of the required advice is made clear to a guilty-pleading defendant. Id. at 137-38.

Tennessee Rules of Criminal Procedure, Rule 11 sets forth explicit directions on the procedure to be followed in the acceptance of guilty pleas. Pertinent parts of Rule 11 are as follows:

> (d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether

the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney general and the defendant or his attorney.

\* \* \* \* \* \*

(e)(3) Acceptance of a Plea Agreement. If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

\* \* \* \* \* \*

(f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

(g) Record of Proceedings. A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea.

If any omission from the mandatory advice arises from a constitutional right (e.g. knowing and voluntary pleas), it is proper to raise the issue by post-conviction relief. Neal at 140. Neal also recognizes that trial counsel's failure to insist on the admonitory warnings of Rule 11 may itself be a deprivation of the constitutional due process right to effective assistance of counsel. Id. at 135. We find in this case that trial counsel's failure to insist on even a rudimentary sentencing hearing to establish the petitioner's knowing and voluntary submission of a guilty plea, as required by Boykin and Mackey, was constitutional error.

Trial counsel's sole meaningful contribution to the sentencing hearing was his request to the court to "impose the sentence." Neither before this or thereafter was there any colloquy with the petitioner by his counsel or the trial court, and the petitioner stood mute while the new sentence was imposed. The Sentencing Reform Act dispenses with the sentencing hearing when there is an agreed sentence which is accepted by the trial court. Tenn. Code Ann. § 40-35-203(b) - 205(d). At the post-conviction proceeding, trial counsel testified that it was his "belief" that the petitioner had agreed to a twenty-year sentence, but admitted that the petitioner may have "vacillated" and "waivered." Trial counsel emphasized that he was trying to recall events from four and one-half years past, implicitly acknowledging the difficulty of exact recall over a span of intervening years and events. This aptly illustrates the need as expressed in Boykin for the trial court to establish a record that the accused fully understands the plea and its consequences to forestall the "spin-off of collateral proceedings that seek to probe murky memories." Boykin v. Alabama, 395 U.S. 238, 244 (1969). The failure of counsel to insist on a hearing that would evince the petitioner's knowing and

voluntary accession to any proposed guilty plea was deficient under Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975).

In the instant case, the petitioner must prove actual prejudice due to his trial counsel's performance and, but for the ineffectiveness of counsel, he would not have agreed to the guilty plea. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). When involving errors of constitutional dimension, the conviction will be set aside unless the error was harmless beyond a reasonable doubt in light of the entire record. Chapman v. Calif, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967); Neal at 138.

Our conclusion that the plea agreement was not shown to be freely and voluntarily made is bolstered by a lack of consistency within the record as to the new sentence provisions. At the violation hearing, the state, on two separate occasions, asked for the imposition of a sentence of twenty years at 35%. In announcing the sentence, the trial court imposed a twenty-year sentence without reference to the percentage of service. The amended judgment forms also do not reflect any change from the standard 30% Range I offender status of the original sentence. The plea bargain announced by the state would have, by necessity, elevated the petitioner to a Range II, multiple offender status.

This inconsistency by itself might indicate nothing more than the trial judge's silent acknowledgment of the prohibition of resentencing into a higher range as announced in State v. Patty, 922 S.W.2d 102, 104 (Tenn. 1995). However, combined with the dearth of evidence as to the petitioner's entry of a free and voluntary plea, the apparent lack of harmonious understanding among the parties further clouds the issue of the existence of a mutually binding plea agreement.

In our review of the trial court's entry on the judgment, it appears that the defendant was sentenced to twenty years as a Range I, standard offender on a Class B felony. We note that the maximum sentence within this class and range is twelve years. While the trial court's entry may reflect a structuring of the seven Class B offenses, it cannot be discerned from the judgment form and appears to be an improper sentence. We must require, for the purposes of our review, that the trial court, state, and defendant explicitly set forth on the judgment forms the structuring process used to arrive at the effective total of time of sentence. For purpose of illustration, if under the instant facts an effective twenty-year sentence is the agreement, then the judgments should reflect the structure utilized to reach that total. This procedure will both accomplish the parties' intent and obviate the appearance of an improper sentence. We are not unmindful that upon resentencing, the petitioner may receive an effective sentence far in excess of the twenty years in the event of consecutive sentencing within the proper range of the seven Class B felonies.

Upon remand, the new sentence should be entered on separate standard judgment documents for each conviction. See Tenn. Sup. Ct. R. 17; Tenn. Code Ann. § 40-35-209(f); see State v. Timothy M. Roberts, No. M2002-00806-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 230 at *7 - *8. (Tenn. Crim. App. Mar. 18, 2003, at Nashville) The use of new judgment forms should be utilized whenever new sentences or amendments to sentences are made.

-6-

Parenthetically, we note from the record that this case involved, at the time of the original plea on the seven felonies, an "understanding" that upon violation of community corrections, the petitioner would receive an increase in sentence and an increase in range to 35%. Although the state does not rely on this in its brief, we observe that such agreements are without force in the absence of a proper sentencing hearing. State v. Erwin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996); State v. Crook, 2 S.W.3d 238, 240 (Tenn. Crim. App. 1999). Further, an increase in range of sentence is specifically not permitted under Tennessee Code Annotated section 40-36-106(e)(4) absent an agreement. See State v. Patty, 922 S.W.2d 102, 104 (Tenn. 1995). We recognize that in the context of plea agreements, a defendant may plead outside the range if the defendant expressly agrees to a particular offender classification and the sentence imposed is within the statutory limits fixed for the offense of conviction. State v. Mahler, 735 S.W.2d 226, 227 (Tenn. 1987); McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000).

## CONCLUSION

The petitioner admits his violation of community corrections but denies his agreement to a plea bargain at the resentencing stage. The record clearly shows no sentencing hearing was conducted. The petitioner now claims his counsel was ineffective for failure to demand a hearing. After careful review, we conclude that the record does not establish the petitioner's agreement to the sentence imposed. We, therefore, vacate the twenty-year sentence and remand for resentencing.

_____
JOHN EVERETT WILLIAMS, JUDGE