IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2011

**FRANCINE L. GOSS v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court of Davidson County**
**No. 2006-A-419      Seth Norman, Judge**

_____

**No. M2011-00324-CCA-R3-PC - Filed December 14, 2011**

_____

The petitioner filed for post-conviction relief from two counts of facilitation of second degree murder and resulting thirty-eight-year sentence. She alleged that her guilty pleas to these offenses were not entered knowingly; that her convictions were based on a violation of her privilege against self-incrimination; and that she received ineffective assistance of counsel. After an evidentiary hearing, the post-conviction court denied relief, and the petitioner has appealed. After a thorough review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

David A. Collins, Nashville, Tennessee, for the appellant, Francine L. Goss.

Robert E. Cooper, Jr., Attorney General & Reporter; Meredith DeVault, Senior Counsel; Victor S. Johnson III, District Attorney General; Dan Hamm, Assistant District Attorney General; for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

Francine Latoya Goss ("the Petitioner") was charged in February 2006 with two counts of first degree premeditated murder, two counts of first degree felony murder, and two counts of attempted robbery. In October 2008, the Petitioner took a "best interest" guilty

plea[1] to two counts of facilitation of second degree murder with an agreed sentence of nineteen years on each count, to be served consecutively and with a Range I release eligibility date. The remaining counts were dismissed.

In July 2009, the Petitioner filed pro se a petition for post-conviction relief alleging that her plea is constitutionally infirm because she pled without understanding that her sentences were to be served consecutively. She also alleges that her lawyer was ineffective in this regard, and also in failing to challenge the admissibility of statements she made to the police. Although the post-conviction court appointed counsel, no amended petition for post-conviction relief was filed.

At the evidentiary hearing, the Petitioner testified that her lawyer ("trial counsel") did not explain to her that she would be serving her two sentences consecutively. He also did not give her time to read "the paperwork." She stated that, at the time she entered her plea, she had completed the eighth grade. She has since obtained her GED. At the time she entered her plea, she testified, she did not understand the meaning of the word "consecutive." When she heard the term during her plea colloquy and attempted to ask trial counsel about its meaning, he "told [her] to be quiet, that he would talk to [her] after everything was over with." They did not have a follow-up conversation, however. The Petitioner testified that, had she known she was pleading to a sentence of thirty-eight years, she would not have pled guilty.

The Petitioner also testified that, the first time the police questioned her, she told them that she had taken a combination of alcohol, cocaine, marijuana, and Ecstasy, but they persisted in their questioning. They did not provide any Miranda warnings prior to their questioning. The Petitioner informed trial counsel about this. He did not file any suppression motions, however.

The Petitioner also testified that, although she met with trial counsel "no more than ten times," he did not discuss trial strategy with her because "he didn't want [her] to go to trial. He didn't think it was in [her] best interest, that is why he had [her] take a best interest plea."

On cross-examination, the State asked the Petitioner if, during her initial statement to the police, she told them "anything that would have been an admission to a crime?" The

---

[1] See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970) (holding that, when the prosecution demonstrated a strong factual basis for the defendant's guilt, the trial court committed no constitutional error in accepting a guilty plea from the defendant who, while protesting his innocence, deemed the plea to be in his best interest).

Petitioner responded, "No, sir." She claimed, however, that the police "took [her] words that [she] told them and twisted them around." The Petitioner also admitted to having been in court before on an assault charge.

Trial counsel testified that the Petitioner's co-defendant was tried twice before the Petitioner pled guilty. Trial counsel had the transcript from at least one of these trials. According to trial counsel, the Petitioner was not arrested on the basis of her first statement to the police because she did not confess to anything. Trial counsel also testified that he believed the Petitioner knew the difference between concurrent sentences and consecutive sentences because she repeatedly expressed her desire for concurrent sentences.

On cross-examination, trial counsel acknowledged that he did not have an independent recollection of advising the Petitioner about the difference between concurrent and consecutive sentences, but stated that it was his normal practice to discuss the difference with his clients. He emphasized that both he and his investigator discussed with the Petitioner "the benefits and the possible detriments of going to trial." Trial counsel explained, "we were trying to develop the case and trying to get anything we could, and I also was getting my investigator to research everything [the Petitioner] said that would be beneficial to her defense."

The transcript from the guilty plea hearing was admitted as an exhibit and reveals that the Petitioner identified herself as being twenty-nine years old at the time. She stated that she was satisfied with trial counsel's representation. She authenticated her signature on the petition to enter plea of guilty, stated that she had signed it freely and voluntarily, and answered affirmatively when asked if she had had "the opportunity to go over it thoroughly with [trial counsel]." She also told the trial court that she understood the document. The written petition to enter plea of guilty sets forth above the Petitioner's signature, "Total sentence 38 yrs 30%."

After further colloquy between the trial court and the Petitioner, the prosecutor advised the trial court as follows:

> I would point out that the plea that she is doing is facilitation of second degree murder. 19 years at 30 percent on both, consecutive. *For a total of 38 years at 30 percent.*

The prosecutor also described the factual basis for the Petitioner's plea, explaining that she and a girlfriend had enticed two men to their residence with the aim of assisting another friend of the Petitioner's, Jamar Scott, to rob them. During the robbery, Scott shot and killed the two men. The Petitioner initially told the police "that they had been home invaded by

unknown assailants." Although this report slowed the investigation, the police "eventually found that Mr. Scott and [the Petitioner] did, in fact, set up [the two victims] for a robbery that Mr. Scott, again with or without help of another individual, did kill these two young men in the perpetration of the robbery." The prosecutor continued:

> On her plea agreement, we recommend on the plea of guilty, her best interest plea of guilty to facilitation of second degree murder, out of range. 19 years at 30 percent on count one and on count two, the same sentence to run consecutive *for a total sentence of 38 years at 30 percent.* The other counts of the indictment, Your Honor[,] will be retired.

On questioning by the trial court, the Petitioner affirmed that she had heard the facts stated by the prosecutor, and that she had determined that it was in her best interest to plead guilty. The trial court accepted the plea, stating that the sentences of 19 years on each count "will run consecutive, *one to the other.*"

After considering this proof, the post-conviction court denied the Petitioner's claim for post-conviction relief by written order, finding that her "argument that she did not understand the nature of the plea agreement and the sentencing ramifications of its entry are not persuasive" and was "therefore without merit." As to her claim that her conviction was based upon a violation of her right against self-incrimination because the police took her first statement without giving her Miranda warnings, the post-conviction court found it to be without merit because she "did not submit any details as to this claim or how such an allegation may be founded in support of her complaint." The post-conviction court also rejected the Petitioner's claim of ineffective assistance of counsel, finding that trial counsel discussed the Petitioner's options with her and that, in light of the evidence and the nature of the crimes and the potential penalties, his advice to take the best interest plea "provided the petitioner with the best possible outcome in the case."

## Analysis

*Standard of Review*

A petitioner is entitled to post-conviction relief only when the petitioner demonstrates that his or her "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). To prevail on a post-conviction claim of a constitutional violation, the petitioner must prove his or her allegations of fact by "clear and convincing evidence." Tenn. Code Ann. § 40-30-110(f) (2006). See Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). This Court will not overturn a post-conviction court's

findings of fact unless the preponderance of the evidence is otherwise. Pylant v. State, 263 S.W.3d 854, 867 (Tenn. 2008); Sexton v. State, 151 S.W.3d 525, 531 (Tenn. Crim. App. 2004). We will defer to the post-conviction court's findings with respect to the witnesses' credibility, the weight and value of their testimony, and the resolution of factual issues presented by the evidence. Momon, 18 S.W.3d at 156. With respect to issues raising mixed questions of law and fact, however, including claims of ineffective assistance of counsel and challenges to the validity of a guilty plea, our review is de novo with no presumption of correctness. See Pylant, 263 S.W.3d at 867-68; Jaco v. State, 120 S.W.3d 828, 830-31 (Tenn. 2003); Sexton, 151 S.W.3d at 531.

*Validity of Guilty Plea*

The Petitioner asserts that her plea is constitutionally infirm because she did not understand the meaning of the term "consecutive" with respect to her sentences. We agree with the post-conviction court that the Petitioner clearly has failed to prove this claim by clear and convincing evidence.

To be valid, a guilty plea must be entered knowingly, voluntarily, and intelligently. See Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). A plea meets constitutional muster when the defendant understands both what the plea connotes and its consequences, Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (citing Boykin, 395 U.S. at 244), and makes a voluntary and intelligent choice from the alternative courses of action available to plead guilty. Jaco, 120 S.W.3d at 831 (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). In Mackey, 553 S.W.2d at 341, our Supreme Court set forth the procedure that a trial court should follow when accepting a guilty plea in order to ensure that a defendant's plea is knowing, voluntary, and intelligent. See also Tenn. R. Crim. P. 11(b). A trial court must "substantially comply" with this procedure. State v. Newsome, 778 S.W.2d 34, 38 (Tenn. 1989).

The record in this case demonstrates that the Petitioner's sentence was described no less than three times during her plea hearing as totaling thirty-eight years, over and above any reference to the word "consecutive." Additionally, her petition to enter plea of guilty sets forth in writing "Total sentence 38 yrs 30%" right above her signature. The Petitioner told the trial court at her plea hearing that she understood this document. The post-conviction court did not accredit the Petitioner's testimony at the post-conviction hearing that she did not understand her sentence. The proof does not preponderate against the post-conviction court's finding. The Petitioner is not entitled to relief on this issue.

*Violation of Right Against Self-Incrimination*

Although the Petitioner alleged in her petition for post-conviction relief that the police violated her right against self-incrimination because they did not provide her with Miranda warnings prior to taking her first statement, the Petitioner does not argue this contention in her brief before this Court. Therefore, this issue is waived. See Tenn. Ct. Crim. App. R. 10(b).

*Ineffective Assistance of Counsel*

The Petitioner contends that trial counsel was ineffective because he did not explain her thirty-eight year sentence to her. "In criminal prosecutions, the accused has a right to the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Constitution of Tennessee." Lovin v. State, 286 S.W.3d 275, 284 (Tenn. 2009). The Sixth Amendment right to counsel is applicable to the States through the Fourteenth Amendment to the United States Constitution. See Gideon v. Wainwright, 372 U.S. 335, 342 (1963); State v. Howell, 868 S.W.2d 238, 251 (Tenn. 1993). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right is to "reasonably effective" assistance, which is assistance that falls "within the range of competence demanded of attorneys in criminal cases." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The deprivation of effective assistance of counsel at trial presents a claim cognizable under Tennessee's Post-Conviction Procedure Act. See Tenn. Code Ann. § 40-30-103; Pylant, 263 S.W.3d at 868.

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must establish two prongs: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. See Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The petitioner's failure to establish either prong is fatal to his or her claim of ineffective assistance of counsel. Goad, 938 S.W.2d at 370. Accordingly, if we determine that either prong is not satisfied, we need not consider the other prong. Id.

To establish the first prong of deficient performance, the petitioner must demonstrate that his or her lawyer's "acts or omissions were so serious as to fall below an objective standard of 'reasonableness under prevailing professional norms.'" Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006) (quoting Strickland, 466 U.S. at 688)). Our Supreme Court has explained that:

> [T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It

is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations.

Baxter, 523 S.W.2d at 934-35 (quoting Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974)). When a court reviews a lawyer's performance, it "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." Howell v. State, 185 S.W.3d 319, 326 (Tenn. 2006) (citing Strickland, 466 U.S. at 689). Additionally, a reviewing court "must be highly deferential and 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" State v. Honeycutt, 54 S.W.3d 762, 767 (Tenn. 2001) (quoting Strickland, 466 U.S. at 689). We will not deem counsel to have been ineffective merely because a different strategy or procedure might have produced a more favorable result. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991). We recognize, however, that "deference to tactical choices only applies if the choices are informed ones based upon adequate preparation." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) (citing Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)).

As to the prejudice prong, the petitioner must establish a "reasonable probability that but for counsel's errors the result of the proceeding would have been different." Vaughn, 202 S.W.3d at 116 (citing Strickland, 466 U.S. at 694). In the context of a guilty plea, our analysis of this prong

focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill v. Lockhart, 474 U.S. 52, 59 (1985). See also Calvert v. State, 342 S.W.3d 477, 486 (Tenn. 2011).

Based upon the overwhelming proof on the issue of the Petitioner's total sentence, we need not even address the issue of counsel's performance. Goad, 938 S.W.2d at 370. As set forth above, the record clearly establishes that the Petitioner was aware of her thirty-eight-year sentence at the time she entered her best-interest guilty plea. Therefore, the Petitioner has failed to establish that, but for trial counsel's alleged failure to explain what

"consecutive" meant, she would not have pled guilty and would have insisted on a trial. Thus, the Petitioner has failed to establish that she was prejudiced by trial counsel's allegedly deficient performance. Accordingly, the Petitioner is not entitled to post-conviction relief on the basis of ineffective assistance of counsel.

## **Conclusion**

The Petitioner has failed to prove by clear and convincing evidence that her guilty plea is constitutionally infirm or that it was entered as the result of ineffective assistance of counsel. We therefore affirm the judgment of the post-conviction court denying relief.

_____
JEFFREY S. BIVINS, JUDGE