**Rogers Lamont McKINLEY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 13, 1995.

Rogers Lamont McKinley, Pikeville, Pro Se.

Charles W. Burson, Attorney General and Reporter, Nashville, George P. Linebaugh, Jr., Counsel for the State, Nashville, Yolanda Mitchell, Asst. District Attorney General, Chattanooga, for appellee.

*OPINION*

WADE, Judge.

The petitioner, Rogers Lamont McKinley, has filed a *pro se* appeal of the trial court's dismissal of his petition for post-conviction relief. The single issue presented for review is whether the petition was barred by the three-year statute of limitations. Tenn.Code Ann. § 40–30–102 (1990). *Cf.* Tenn.Code Ann. § 40–30–102 (1995) (changing post-conviction petition limitation period to one year with limited exceptions).

We affirm the judgment of the trial court.

In 1989, the defendant entered a plea of guilt to grand larceny. The trial court imposed a Range I, three-year sentence which was suspended conditioned upon his good behavior. In March and April of 1990, the defendant was charged with two counts of aggravated rape and one count of aggravated burglary. In a negotiated plea agreement, the defendant pled guilty to two counts of simple rape and one count of aggravated burglary. The trial court imposed a Range II sentence of 15 years. Because the trial court revoked the prior, three-year suspended sentence, the effective sentence was 18 years.

Later, the petitioner filed a petition for post-conviction relief. At the conclusion of the evidentiary hearing, the trial court dismissed the claims. On appeal, however, this court set aside the 1989 conviction on the basis that the defendant had not been advised of his right against self-incrimination before entering the guilty plea. *Rogers Lamont McKinley v. State*, No. 03C01–9308–CR–00255, 1994 WL 444624 (Tenn.Crim. App., at Knoxville, August 17, 1994). All three of the 1990 convictions were upheld. On one of the issues, a panel of this court ruled as follows:

> The sixth issue is whether the Defendant's guilty pleas in 1990 are void because he did not expressly agree to be sentenced as a Range II offender. In *State v. Mahler*, 735 S.W.2d 226 (Tenn.1987), the defendant pled guilty and the judge sentenced him as a Range II offender. Because he had no prior convictions, he only qualified for Range I. On the defendant's post-conviction appeal, the Tennessee Supreme Court held that so long as a plea is voluntarily, understandingly and knowingly made the defendant waives any right to appeal his sentence or range, and he has expressly agreed to be sentenced in that range. [*Id.* at 228.] The supreme court also stated that sentencing a defendant to Range II instead of Range I was not a constitutional error and could only be attacked on direct appeal. *Id.*
>
> We hold there is no constitutional error in Defendant being sentenced as a Range II offender. Because his guilty plea was

voluntarily, understandingly and knowingly made, as discussed above, he agreed to be sentenced as a Range II offender.

*Id.*, at 12–13.

In this, the petitioner's second petition for post-conviction relief, the petitioner presented the following argument to the trial court:

> On the 17th day of August, 1994, the Court of Criminal Appeals at Knoxville reversed one prior conviction of the petitioner. This left the petitioner with one prior conviction and that is not a sufficient amount to place said petitioner in the Range II category. Therefore the petitioner would aver that his sentence is illegal and cannot stand. At the time of the sentencing petitioner was a Range II offender under the law [and] that is no longer true.

In the response filed by the state, it relied upon the three-year statute of limitations and the doctrines of previous determination and waiver. Tenn.Code Ann. § 40–30–112. It further argued as follows:

> If the allegations of the current petition do entitle the petitioner to Post–Conviction Relief, he is not entitled to the particular relief sought; the defendant must face a new trial on the original charges of aggravated burglary and two counts of aggravated rape, but is not entitled to have his present sentences re-entered as Range I instead of Range II.

In *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992), our supreme court carved out a narrow exception to the three-year statute of limitations. Burford had been sentenced as a habitual criminal to a term of life imprisonment based upon five prior robbery convictions. He filed a timely post-conviction petition alleging that certain of his five prior robbery convictions were constitutionally infirm because he had not been advised of his right against self-incrimination before entering his plea. He was granted relief. Later, after the three-year statute of limitations had expired, Burford filed a petition to set aside the finding of habitual criminality on the basis that there was no longer a sufficient number of prior felony convictions to qualify him for that offense. The supreme court found that the statute of limitations, while

generally complaint with due process rights, violated Burford's specific due process rights:

> [The] petitioner found himself caught in a procedural trap and unable to initiate litigation in Trousdale County despite the approach of the three-year limitation.

> \* \* \* \* \* \*

> ... Under the circumstances of Burford's case, we find [the government's interest in the administrative efficiency and economy created by a time bar] insufficient to outweigh the petitioner's interest against serving an excessive sentence in violation of his constitutional rights.

> \* \* \* \* \* \*

> ... While the state has a legitimate interest in preventing the litigation of stale and fraudulent claims [citations omitted], we find that application of the statute of limitations to Burford's petition fails to serve that interest.

> ... There is nothing stale or fraudulent about the petitioner's claim. Although he filed the petition outside the time limits provided by the statute of limitations, there is no difficulty here with the availability of witnesses or the memory of witnesses. Nor is there a problem with respect to a groundless claim generating excessive costs.

> \* \* \* \* \* \*

> ... If consideration of the petition is barred, Burford will be forced to serve a persistent offender's sentence that was enhanced by previous convictions that no longer stand. As a result, Burford will be forced to serve an excessive sentence in violation of his rights under the Eighth Amendment to the U.S. Constitution, and Art. I, § 16 of the Tenn. Const., which, by definition, are fundamental rights entitled to heightened protection.

*Burford,* 845 S.W.2d at 208–09.

In *State v. Mahler,* 735 S.W.2d 226 (Tenn. 1987), a pre-*Burford* decision, our supreme court considered a post-conviction proceeding alleging grounds for relief similar to those alleged here. Mahler, originally charged with first degree murder, larceny, and receiving and concealing stolen property, agreed to enter a guilty plea to second degree murder with a Range II sentence of 50 years. The larceny and receiving and concealing stolen property charges were voluntarily dismissed by the state. In his post-conviction petition, Mahler charged that the sentence was illegal. Our supreme court ruled that despite the fact that Mahler did not technically qualify as a Range II offender in that he did not have a sufficient prior criminal record, he was not entitled to any reduction of range because he had knowingly and voluntarily entered his plea and willingly accepted the consequences of his sentence:

> The sentence imposed was clearly within statutory limits fixed for the offense of murder in the second degree. In our opinion any question as to the classification of appellant as a Range II offender or as to his release eligibility was waived by the guilty plea. It was not a constitutional error in and of itself and at most rendered the sentence subject to attack on direct review by appeal. Appellant waived any right of appeal in the guilty plea proceedings and expressly agreed to be sentenced with the classification and parole eligibility imposed.

735 S.W.2d at 228.

In a post-*Burford* decision, our supreme court has reached a decision similar to that in *Mahler.* In *Wallen v. State,* 863 S.W.2d 34, 37–39 (Tenn.1993), the court refused to provide relief from life sentences based upon guilty pleas even though seventeen prior convictions were subsequently vacated. Essentially, the court held that a defendant who voluntarily accepts and takes the benefits of a plea bargain and thereby enters knowing, understood and voluntary guilty pleas has "waived any irregularity or defect in the proceedings, including the possibility that the prior convictions used to enhance his punishment might be set aside." *Id* at 38–39.

In September, 1990, the petitioner, with the assistance and advice of counsel, chose to plead guilty to two counts of rape, a class B felony, and one count of aggravated burglary, a class C felony; he received an effective sentence of 15 years as a Range II, multiple offender. The record on appeal in his first post-conviction case reflects that the pleas,

the conviction offenses, the offender status (including range or percentage of service), and the sentences were all parts of a plea agreement of which the petitioner was aware and to which he fully agreed when questioned by the trial court. Given the circumstances then existing, he was looking at the possibility of a much harsher punishment without the benefit of his bargain.

To say that the petitioner was facing serious prison time for the commission of class A felonies would be a gross understatement. He could have reasonably expected to have been convicted of at least two aggravated rapes and to have enhanced and consecutive sentences. That would have been so even if Range II were not involved. Under these circumstances, it is no wonder that this court concluded in the first post-conviction case that the attorneys representing the petitioner were competent and effective.

As with any such guilty plea, particularly one based in the bargaining process, there are many considerations that enter into decision making which necessarily require a defendant to choose whether to abandon possible claims. *See, e.g., McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Our supreme court tells us in *Wallen* that a challenge to a prior conviction used to enhance the present punishment qualifies as one of those claims. Thus, the fact that the petitioner's prior conviction has been set aside does not bear on the continuing validity of the convictions for the two rapes and aggravated burglary. Accordingly, the judgment is affirmed.

TIPTON, J., and CLARK, Special Judge, concur.