# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER, 1997 SESSION

**FILED**

**March 6, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **RANDY L. CARTER,** | ) | |
| | ) | No. 02C01-9701-CR-00028 |
| Appellant, | ) | |
| | ) | Shelby County |
| vs. | ) | |
| | ) | Honorable W. Fred Axley, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

BARBARA D. MACINTOSH
Peppel, Gomes & MacIntosh
Suite 205
474 Perkins Extended
Memphis, TN 38117

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

ALANDA HORNE
Assistant District Attorney General
201 Poplar Ave. Third Floor
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The petitioner, Randy L. Carter, appeals pursuant to Rule 3 of the Tennessee Rules of Criminal Procedure from the Shelby County Criminal Court's denial of post-conviction relief. On March 5, 1992, the grand jury indicted the petitioner for the premeditated and deliberate murder in the shooting death of Robert Milton.[1] He pleaded guilty to second-degree murder on April 27, 1992 and received a sentence of thirty-five years as a Range II offender pursuant to a plea agreement. Carter filed no direct appeal. A timely petition requesting post-conviction relief was filed on September 20, 1994.[2] The trial court held an evidentiary hearing on June 6, 1996 and denied post-conviction relief in a written order filed on August 27, 1996. In this appeal, Carter contends that he entered his guilty plea involuntarily, and that, but for the errors of counsel, he would not have pleaded guilty to second-degree murder.

We have carefully reviewed the record in this case. Finding no error requiring reversal, we affirm the judgment of the trial court.

The facts to which Carter stipulated at his guilty plea submission hearing are as follows: On August 1, 1991, the victim, Robert Milton, was the security guard for a club located in Shelby County. At approximately 1:00 a.m., a fight broke out inside the club. The victim attempted to break up the fight, and when he was unable to do so, he sprayed the participants with mace. The people involved then fled outside into the parking lot. A short time later, the victim went outside the club where he was confronted by Rico Mickens. Mickens took a

---

[1]

The indictment for first-degree murder was the second indictment. The record indicates that the grand jury originally indicted Carter for second-degree murder. The state later dismissed this indictment and obtained the indictment under which the petitioner ultimately pleaded guilty to second-degree murder.

[2]

Appointed counsel filed an amended petition on Dec. 16, 1994 and an amendment to the amended petition on March 7, 1996.

2

nightstick from the victim and began hitting him on the head. Others entered the fray, and the guard was thrown to the ground. Randy Carter and Timothy Brown produced pistols as the victim was lying face down in the parking lot and shot him several times in the back.[3] Three of the shots hit the victim in his buttocks. One shot in the back caused his death.

Carter's pro se petition for post-conviction relief alleges that he did not plead guilty knowingly and voluntarily and that he was denied the effective assistance of counsel. In the amended petition, Carter claimed that his plea was involuntary because he had not understood the elements of the crime, because he was unable to read the waiver, and because stress and fear rendered him incapable of making a rational decision. With respect to the ineffective assistance of counsel claim, he contended that counsel failed to communicate or share information with him, that counsel never explained the plea bargaining process to him, that counsel failed to investigate and create a viable defense, and that counsel agreed to an illegal sentence.

At the evidentiary hearing, Carter was the only defense witness. After his testimony, the court recessed briefly. When the hearing reconvened, the trial court denied defense counsel's request to bring the petitioner back into the courtroom. The trial judge said, "No. He's finished testifying. That's a Court rule. That's not your rule, but it's a Court rule . . . . This is civil in nature and he's just a witness." After the assistant public defender who represented Carter during the plea process testified for the state, the court took the matter under advisement.

In its written order denying relief, the trial court found that the petitioner's guilty plea was constitutionally valid under the constitutions of the United States and the State of Tennessee and that trial counsel's performance was within

---

[3]
    Rico Mickens, Jimmy Ford and Timothy Brown submitted guilty pleas at the same hearing. The record does not indicate the crimes to which they entered their pleas.

the range of competence demanded of attorneys in criminal cases. On appeal, Carter argues that the attorney's failure to investigate, to inform his client, to explain the re-indictment, and to resolve the confusion about the sentencing range constitute ineffective assistance of counsel, and that the errors of counsel resulted in an involuntary guilty plea. He also contends that the trial court erred in excluding him from the court room during the testimony of his former attorney.

Under Tennessee law, post-conviction relief may be granted when the conviction is void or voidable because it was obtained in violation of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States. Tenn. Code Ann. § 40-30-105 (1990) (repealed May 10, 1995). In order to sustain a post-conviction petition, an appellant must prove the allegations of constitutional violations by a preponderance of the evidence.[4] Clark v. State, 800 S.W.2d 500, 506 (Tenn. Crim. App. 1990). This court may not reweigh or reevaluate the evidence, and we defer to the trial court's resolution of questions concerning the credibility of witnesses and the weight and value of their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). When reviewing the dismissal of a post-conviction petition, this court must affirm the judgment of the trial court unless the evidence in the record preponderates against the judgment. Cooper v. State, 849 S.W.2d 744, 746 (Tenn.1993). With these standards in mind, we address the issues presented.

The trial court found that the petitioner had not met his burden of proving the allegations in the petition by a preponderance of the evidence. Specifically, the court found that defense counsel (1) took adequate steps to ensure that the petitioner understood the plea, (2) met with the petitioner at least seven times, (3) had access to all the witness statements, and (4) had assigned the case

---

[4]
We note that, although the hearing in the matter was held in 1996, the petition was filed in 1994. The Post-Conviction Procedure Act of 1995 applies to petitions filed after May 10, 1995. See Tenn. Code Ann. § 40-30-201, compiler's notes. Therefore, the clear and convincing standard of proof required by Tennessee Code Annotated section 40-30-210(f) is inapplicable in this case.

to an investigator. The trial judge also found that the petitioner was able to communicate with his attorney and to participate in the plea bargaining process, that there was no evidence that the petitioner was unable to appreciate the nature of his position or the consequences of his plea, and that the trial judge and defense counsel had both advised the petitioner that he was being sentenced as a Range II offender.

When an appeal challenges the effective assistance of counsel, the appellant has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2065 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995). As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of counsel, he would not have entered into the plea. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); Adkins v. State, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994); Wilson v. State, 899 S.W.2d 648, 653 (Tenn. Crim. App. 1994).

A reviewing court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. Strickland, 466 U.S. at 695, 104 S. Ct. at 2068-2069. The petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Id. In this case, Carter has not carried his

burden of showing that he would not have pleaded guilty but for the alleged errors of counsel.

The proof in the record strongly supports the trial judge's findings. As the trial judge noted, a trial court may grant relief only when the conviction or sentence is void or voidable because of the abridgement of a constitutional right. Tenn. Code Ann. § 40-35-105 (1990) (repealed May 10, 1995). A sentencing issue is not a constitutional issue and cannot serve as the basis for post-conviction relief. McKinley v. State, 910 S.W.2d 465, 466 (Tenn. Crim. App. 1995). Moreover, if, pursuant to a plea bargain, a petitioner agrees to be sentenced in a higher range than is required by law, a trial court may legally impose such a sentence. State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987).

In this case, the gravamen of Carter's complaint is that his attorney failed to clarify the confusion that existed on the negotiated plea agreement form. Apparently, in one place the form states that the sentence is a "Range I" sentence; in another it shows the release eligibility date as 35%. Carter contends that he did not understand that he had agreed to serve 35% of his sentence. On the other hand, both defense counsel and the transcript of the submission hearing indicate that he was properly informed. At the hearing, the assistant public defender explained that he had corrected the 30% to 35% prior to reading the form to the petitioner but that he had neglected to change the "Range I" portion. During the trial judge's colloquy with the petitioner, the judge told the petitioner that he would serve 35% of his sentence before he became eligible for parole. The petitioner acknowledged that he understood the sentence he was receiving. The trial court credited the statement of defense counsel and the evidence contained in the record. The record supports a conclusion that the petitioner was well aware of and had consented to the enhancement of the sentencing range. That finding, therefore, is conclusive on appeal. See Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988).

6

The evidence also does not preponderate against the trial judge's findings that the attorney adequately investigated the case, that the petitioner had ample opportunity to communicate with his attorney, and that he was able to participate in the plea bargaining process. Moreover, nothing in the record, except the petitioner's own testimony at the post-conviction hearing, indicates that he was suffering from confusion about his re-indictment or the difference between a Range I and a Range II sentence. The trial court did not err in finding that the defense counsel's services were within the range of competence demanded of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

The record also supports the conclusion that the petitioner knowingly and voluntarily entered his guilty plea. The judge's colloquy at the submission hearing substantially complies with the requirements of Rule 11 of the Tennessee Rules of Criminal Procedure. State v. Newsome, 778 S.W.2d 34, 36 (Tenn. 1989). The trial court's advice satisfies the constitutions of both the United States and the State of Tennessee, and the trial judge carefully observed the additional procedures imposed by our supreme court in Mackey v. State, 553 S.W.2d 337 (Tenn. 1977), and McClintock v. State, 732 S.W.2d 268 (Tenn. 1987). After a thorough review of the record on appeal, we find that the petitioner knowingly and voluntarily entered his guilty plea to second-degree murder.

One further issue awaits our consideration. The petitioner complains about the trial court improperly removing him from the courtroom before the evidentiary hearing was concluded. He contends that his removal prevented him from assisting his attorney during cross-examination of the state's only witness and deprived him of a full and fair hearing in his case. The state concedes that the trial court erred in denying post-conviction counsel's request that the petitioner be returned to the courtroom. However, the state also contends that the error was harmless in this instance. We agree.

Although a  post-conviction petitioner has no inherent constitutional or statutory right to be present at all stages of the hearing, the mere fact that the constitution does not command his presence does not necessarily justify his removal. Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996), perm. app. denied (Tenn. 1996).   In Scott, this court stated:

> Given the fact that a post-conviction petitioner has the  burden of proof, the right to appear and testify when disputed facts are at issue may well include the need for rebuttal testimony to respond to unexpected details of evidence presented through the testimony of others.  Thus, absent some appropriate justification for removal, a petitioner appearing at an evidentiary proceeding pursuant to the Post-Conviction Procedure Act should be allowed to remain through the remainder of the presentation of evidence.

Id.  As in Scott, the record does not indicate that the petitioner was disruptive, was a special security risk, or had a detrimental impact on the available facilities. Therefore, we conclude that the trial court should have allowed Carter to return to the courtroom.[5] However, as Clark has not pointed to any specific failure or weakness in his attorney's cross-examination that resulted from his removal, and as our review of the record has failed to uncover any evidence of harm, we conclude that the error was harmless.[6]

For the reasons discussed in this opinion, we affirm the judgment of the trial court.

                                                            _____
                                                            CURWOOD WITT, Judge

CONCUR:

_____
JOE B. JONES, Presiding Judge

---

[5]
Parenthetically, we note that Clark was not just a "witness" at the hearing. He was a party to the proceedings.

[6]
In fairness to the trial judge, we note that the hearing in this matter was held on June 6, 1996 and the Scott opinion was filed on August 2.

8

_____
JERRY L. SMITH, Judge